Joseph L. DE LEVAY, Appellant,

v.

NATIONAL SAVINGS AND TRUST COMPANY, a corporation, Appellee.

No. 2530.

Municipal Court of Appeals for the District of Columbia.

Argued March 21, 1960.

Decided June 7, 1960.

Rehearing Denied July 14, 1960.

---

1. Askew v. Randolph Carney Co., D.C.Mun. App.1955, 119 A.2d 116–117. See Creeg-er v. Manuel, D.C.Mun.App.1959, 153 A.2d 647.

Joseph L. DeLevay, appellant, pro se.

Henry H. Paige, Washington, D. C., with whom Arthur P. Drury, John M. Lynham and John E. Powell, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

The basic problem in this appeal is whether compliance was had with one of the Municipal Court Rules.[1] Appellant argues that (1) the service of process on him was invalid, or (2) if it was valid, thus giving the court jurisdiction over him, he

should have been permitted to answer the complaint. We agree with appellant's second point only.

Appellee sued appellant for the balance due on a promissory note. The marshal served appellant on April 29, 1959, by leaving copies of the summons and complaint at his "usual place of abode," a rooming house located at 1707 Q Street, N. W. On May 15, 1959, appellant wrote to the Clerk of the Municipal Court protesting the validity of the service and contending that he had left said address "sometime in March."

Thereafter, appellee filed a motion for entry of judgment pursuant to Rule 55(b). Appellant then filed an affidavit reciting, in substance, that he received notice of appellee's motion for judgment while visiting his mother in Summit, Virginia, and at that time he also received a postcard from the court concerning the date set for the hearing. Appellant stated that he was not residing at the Q Street address on April 29. It is noted that the affidavit was sworn to on September 8, 1959, before a notary in Montgomery County, Maryland, and appellant's address was given as "General Delivery, Washington, D. C."

■ At the hearing on September 30, 1959, appellant's counsel moved to quash service of process. Appellant testified that he had left the Q Street address in the early part of April and was living in Fredericksburg, Virginia. He admitted sending a letter, dated March 30, 1959, to appellee's attorney, which read, in part:

"Your letter, dated March 18, 1959, and addressed to Mr. Joseph L. DeLevay and Mrs. Madeleine M. DeLevay, has been received. The address, Summit, R. F. D. # 3, Fredericksburg, Virginia, however, is incorrect. Mrs. Madeleine Mitchell DeLevay's address is 2701 14th Street, N. W., Washington, D. C. I myself also have a perma-

---

1. Municipal Court Civil Rule 4(c) (1) provides: "[Service shall be made] upon an individual * * * by leaving copies

thereof at his dwelling house or usual place of abode * * *."

nent Washington address, and in Virginia, I am staying only occasionally."

Appellant acknowledged that the "permanent Washington address" referred to in this letter was 1707 Q Street, N. W. He first denied, and then admitted, using the Q Street address to pick up his mail after he allegedly left Washington. According to the statement of proceedings and evidence, appellant

> " * * * did know where the key to 1707 Q Street, N. W., was hidden and could gain access by its use with the landlady's knowledge and consent; in explanation he stated that all former tenants knew where the key was kept and that he knew the landlady well and that she did not mind him entering in that manner; he further admitted that he had found the summons and complaint set aside in a place on the mantelpiece or table where his other mail was kept for him and that he had read the summons and complaint."

From this recital of appellant's conflicting evidence, it is apparent that a factual question relating to his place of abode was presented. The trial court concluded that the marshal's return was valid and that appellant failed to rebut its validity. The court found, after due consideration of appellant's credibility, that service was made at appellant's place of abode.

■ The evidence supports the trial court's conclusion, and in view of the fact that it presented a factual question, the court's ruling will not be disturbed.[2] However, because appellant's appearance was to contest the validity of the service, the judgment will be set aside and he should be given an opportunity to defend the case on the merits.

It is so ordered.

HOOD, Associate Judge (concurring in part and dissenting in part).

I agree that the trial court's holding that service of process was legally effected should be affirmed. I dissent from that part of the opinion which holds that appellant should now be given an opportunity to defend on the merits.

Of course, appellant had the right under Municipal Court Civil Rule 12(b) to first assert the defense of insufficiency of service of process, and have that disposed of before pleading to the merits. When that defense was overruled, appellant was entitled to an opportunity to defend on the merits, and that is the opportunity which the majority would now give him. But I think he has already had that opportunity and has failed to take advantage of it. Nowhere in the proceedings below or here has appellant asserted that he has a valid defense to the merits or indicated the nature of such defense.

When the trial court announced it would deny the motion to quash service and would grant judgment for failure to plead, appellant did not request an opportunity to plead. After judgment was entered against him, appellant never sought to have that judgment set aside and never tendered an answer to the merits. His sole position both here and below has been that the purported service of process on him was ineffectual.

To permit appellant to now go to trial on the merits will permit him to do indirectly what he could not have done directly. The order denying the motion to quash was not final and appealable. Appellant, however, permitted final judgment on the merits to go against him and then appealed from that judgment, raising only the question of service of process. If he is now permitted to go to trial on the merits he may again appeal from an adverse judgment, and we will be permitting piecemeal appeals. I would affirm the judgment.

2. See generally, First Nat. Bank & Trust Co. of Tulsa v. Ingerton, 10 Cir., 1953, 207 F.2d 793; cf. Williams v. Capital Transit Co., 1954, 94 U.S.App.D.C. 221, 223–224, 215 F.2d 487, 489–490.