Joseph L. DE LEVAY, Appellant,

v.

NATIONAL SAVINGS AND TRUST COMPANY, a corporation, Appellee.

No. 2837.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 6, 1961.

Decided Nov. 29, 1961.

Rehearing Denied Dec. 14, 1961.

Joseph L. DeLevay, appellant, pro se.

Henry H. Paige, Washington, D. C., with whom Arthur P. Drury, John M. Lynham, and John E. Powell, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

More than two years ago Mr. DeLevay was sued on a promissory note. He challenged the validity of the service of process; service was held valid and judgment was entered against him. He then brought the case to this court on appeal and we affirmed the ruling as to the validity of service but set aside the judgment and ordered that the defendant "be given an opportunity to defend the case on the merits." DeLevay v. National Savings and Trust Co., D.C.Mun.App., 161 A.2d 465, 467. Appellant carried his challenge of the service to the United States Court of Appeals, without success.

After the case was returned to the trial court it was set down for trial and the parties notified. On the trial date defendant presented a motion "to transfer the case to another court," to give him a jury trial, to file complaint against third parties, and to file a cross-claim. After hearing, the motion was overruled. Plaintiff then moved for judgment for failure of defendant to file an answer to the sworn complaint. Defendant insisted that he was still appearing specially, that the question of service was still undecided, and that he was not required to plead to the merits. Though the trial judge carefully explained the situation to him, defendant adhered to his position that no answer was required of him. Judgment was entered for plaintiff, and defendant has again appealed.

The ruling of the trial court was manifestly correct. Deliberately or otherwise, appellant has misapprehended the effect of his failure to answer plaintiff's complaint on the merits. Of course he had the right to appellate review of the earlier ruling as to validity of service. But after the appeal had been decided he had no right to treat the question as still open, and decline to file an answer. The trial judge, as we have said, made all this very plain and there could have been no doubt that if appellant persisted in relying on matters collateral, or already adjudicated, judgment would necessarily be entered against him.

We have considered the various contentions advanced in appellant's brief and in oral argument, and find them to be without validity and without support in the record.

Affirmed.