## MARY B. CALDWELL *vs.* ALEXANDER H. LORD.

1. TAXATION—RECOVERY OF LAND SOLD FOR TAXES—TENDER.

An owner, suing in ejectment for land sold for taxes, will not be permitted to pay into court at the beginning of the suit the amount paid by the purchaser for taxes and charges.

2. TAXATION—TAX SALES—VALIDITY—PRESUMPTIONS.

*Rev. Code* 1852, amended to 1893, *p*. 119, *c*. 12, § 14, providing that the sale of land for taxes shall be returned by the collector to the court, and it

may approve or disapprove, and, if approved, the collector shall make a deed to the purchaser, abolishes the common-law rule that, where property is sold for taxes, each step must be shown by the party seeking to establish title under a tax deed, and the act of the court approving a sale returned by the collector establishes *prima facie* the regularity of the sale.

*(October* 17, 1913.)

Judges BOYCE and RICE sitting.
*Robert G. Houston* for plaintiff.
*Daniel J. Layton, Jr.,* and *Charles W. Cullen* for defendant.
Superior Court, Sussex County, October Term, 1913.

EJECTMENT (No. 16, February Term, 1913) by Mary B. Caldwell against Alexander H. Lord for the recovery of a lot sold at a tax sale. Verdict, not guilty.

*Mr. Houston:*—This is an action brought by the plaintiff, the original owner, against the defendant, the purchaser, to recover possession of lot No. 16, Pennsylvania Avenue, at Rehoboth, sold for taxes. I find that the law generally seems to require in an action of this kind that a tender of the amount of the tax sale be paid into court at the beginning of the suit. I know of no practice of that kind in this state, but I wish at this time to make the tender of forty-three dollars and forty-nine cents.

*Mr. Layton:*—I know of no authority, statutory or otherwise, for such a proceeding. The only statutory authority, so far as I can find, applies only to the redemption of the lot within the statutory time, by the payment of the taxes and charges and twenty per cent. interest. This is an action involving the legal title and the tender has nothing to do with it.

RICE, J.:—[1] Mr. Houston, your offer has been recorded, but in the absence of any rule or statute (and you say you do not make the offer under either) we will not permit you to make the payment at this time. We do not know what may develop hereafter. We have noted that you brought into court and offered to pay the amount of forty-three dollars and forty-nine cents.

Mr. Houston then stated, that there were no pretensions in the case, they not being necessary under the rule, and offered in

evidence the records of plaintiff's title, all of which were admitted without objection, after which the plaintiff rested.

*Mr. Layton:*—We have no brief of title in this case. We hold under a tax title and I will call your Honors' attention to the record of the tax deed and the petition filed by the collector of taxes in this court for permission to sell lot sixteen, along with others, for delinquent taxes and his return of the sale,—all records of this court. This being an entirely new title created by the sale we have not thought it necessary to make up a brief of title.

Mr. Layton then offered in evidence record of deed of Walter Sparklin, collector of taxes, etc., to Alexander H. Lord, the defendant, dated February 3, 1907, to which offer Mr. Houston objected, and the offer was withdrawn for the time.

Mr. Layton then offered in evidence said petition of Walter Sparklin, collector, to sell real estate of Mary A. Caldwell, the plaintiff, to pay taxes, to which offer Mr. Houston objected upon the ground that it was not the first step; that defendant must prove his authority all the way down to the delivery of the tax deed. Mr. Layton stated that the petition was a legal paper filed under the authority of the statute, and while he would admit that, if all he had to offer was the deed of the collector, then the authorities are uniform that the defendant must prove each step down to the sale, but he contended that where there has been a judicial proceeding, the presumption is that each act is regular and the burden is upon the plaintiff to show any irregularity.

RICE, J.:—Mr. Layton, will you state to the court just what your offer is?

*Mr. Layton:*—I offer in evidence the petition filed by Walter Sparklin, collector of taxes of the Town of Rehoboth, and I will follow that up by proof of the return made by him, the approval of the return by this court and the tax deed based upon that return. Formal proofs having been made, I now offer into evidence the petition and return of sale, to be followed by the record of the tax deed.

RICE, J.:—The petition offered in evidence was filed in this court on April 5, 1904, by Walter Sparklin, collector of taxes, representing that a sale of part of the premises could not be made,

with a prayer that a sale of the whole be ordered, as provided by the statute. An order was made for the sale of the land, including the lot in question. The sale was held, and return thereof made to this court at the October Term, 1904, when it was continued to the April Term, 1905, at which term it was approved.

There is no claim made by the plaintiff that the petition and return are not in proper form, or that they do not comply with the provisions of the statute, but the objection is based on the principle of law that, where property is sold to pay taxes, each step from the creation of the power to levy the tax to the execution and recording of the deed, must be shown by the party attempting to establish title under the tax deed, and in support of this contention counsel cites a number of authorities.

[2] We have examined these authorities and find that they are decided under the common law. At common law, there can be no doubt, I take it, that it is necessary to show the creation of the power, the proper exercise thereof and the regularity of each step in the proceeding.

By the first paragraph of *Section* 14, *c.* 12, *Revised Code* (1893) 119, it is provided that such a sale shall be returned by the collector to the court, "and the court may inquire into the circumstances, and either approve, or set it aside. If it be approved, the collector shall make a deed to the purchaser, which shall convey the title of the taxable." * * *

Since the statute requires the return of the sale to be approved by the court, it will be presumed that the court considered and passed upon all necessary requisites preceding the sale. The action of the court in this respect is not merely ministerial, but is rather judicial—that is, that the court satisfied itself concerning the regularity of the proceeding.

We are of the opinion that under this statute the petition, return of sale and tax deed when admitted are *prima facie* evidence of the regularity of the sale. We, therefore, overrule the objection and admit the petition and return of sale. (Thereupon the tax deed was offered and admitted.)

The plaintiff failing to produce evidence to rebut the pre-

Verdict.

sumption of regularity of the proceedings in the tax sale, upon request of the defendant, we give binding instructions to you, gentlemen of the jury, to find a verdict of not guilty of the trespass as alleged.

Verdict, not guilty.

NOTE.—Some time after the decision the court's attention was called to the case of *Guisebert v. Etchison*, 51 *Md.* 478, 488.