ESTELLA ROBINS,
Appellant, Plaintiff Below,

*vs.*

MILDRED GARVINE,
Appellee, Defendant Below.

*Supreme Court on Appeal November 27, 1957.*

*Joseph Donald Craven* and *Joseph P. Hurley,* Wilmington, for appellant.

*John S. Walker* and *Frank J. Miller,* Wilmington, for appellee.

Wolcott and Bramhall, Justices, and Carey, Judge, sitting.

Bramhall, Justice: This appeal relates to the refusal of the Vice Chancellor to set aside as a cloud on the title a tax deed from the

Sheriff to the purchaser at a tax sale given by order of the Superior Court following a judgment in a tax proceeding pursuant to 9 *Del.C., Ch.* II, § 8721 *et seq.* The Vice Chancellor held that a judgment regular on its face may not be attacked collaterally except on the ground of fraud, or lack of jurisdiction. In reaching this decision, the Vice Chancellor also determined that a defendant may not attack the return of the Sheriff, even in a direct proceeding, where the Sheriff's return does not show on its face a lack of jurisdiction.

In 1946 appellant and her late husband became the purchasers by deed of a lot situated in Brandywine Hundred, New Castle County. It was the first property which they, or either of them, had ever purchased. They built thereon a house with their own hands. They dug wells for water. They installed French drains. They then erected a large chicken house. In April of 1954 appellant and her late husband called at the tax office in the Public Building in Wilmington to inquire about the county taxes on their property. They were informed that the taxes were paid. While there, appellant's husband had a sudden attack of illness, which prevented them from checking fully into their tax situation. In 1956, upon making further inquiry, appellant and her husband learned for the first time that their property had been sold at Sheriff's sale for non-payment of taxes. They promptly consulted Thomas W. Knowles, a member of the Bar in the City of Wilmington, but shortly thereafter Mr. Knowles died. They then consulted counsel now representing appellant in these proceedings. On August 2, 1956, a bill of complaint was filed by appellant (her husband having died), alleging that the Sheriff's return as to the posting of the notice of tax sale was not in conformity with the actual facts; that neither the return of sale nor the advertisement thereof mentioned the improvements on the property; that the newspaper publication of the advertisement of the sale was improper and that the Sheriff's return of sale failed to show where the handbills concerning the sale were posted; that appellant had no knowledge of the institution of proceedings for the sale of the property for non-payment of taxes or of the confirmation of the sale and the execution and delivery of a deed to appellee; that, although the property was sold at the tax sale for the sum of $200 it had a market value in excess of $5,000.

The sale in this case was by virtue of 9 *Del.C.* 1953, *Chapter* II, designated as the monition method of sale of real estate in New Castle County. Section 8722 thereof provides, inter alia, that upon the filing of the praecipe for monition in the Office of the Prothonotary by the Collector of Delinquent Taxes for New Castle County a monition shall be issued directed to the Sheriff stating the amount of the judgment for the taxes due and the years thereof, together with "a brief description of the property upon which the taxes are a lien." It is also provided therein that a description of such property as the same shall appear on the assessment rolls shall be a sufficient description. In § 8725 of said chapter, it is provided that any time after the expiration of twenty days next following the return of the Sheriff, a writ of venditioni exponas shall be issued to the Prothonotary commanding the Sheriff to sell the property mentioned or described in the writ and to make due return of his proceedings in the same manner as similar writs of venditioni exponas are issued out of the Superior Court. It is also provided in this section that the property shall be described in the writ under the description thereof "as it appears on the assessment rolls prepared by the Board of Assessment of New Castle County and by metes and bounds where obtainable, but nothing therein shall be construed to invalidate a writ or a sale pursuant thereto containing only the description as it appears on the assessment rolls or a writ bearing only a description by metes or bounds." The writ of monition was returned by the Sheriff in the following language: "Posted the 6th day of February A.D. 1952." The body of the return on the writ of venditioni exponas is as follows: "Advertised the within described real estate for sale on May 2, 1952, and sold the same to Mildred Garvine for the sum of Two Hundred ($200.00) Dollars and applied the same as follows * * *." § 8724 of *Title 9, Del.C.* 1953 provides that the monition, or a copy thereof, shall be posted by the Sheriff "upon some prominent place or part of the property against which the judgment for the taxes or assessment is a lien."

The Vice Chancellor found that appellant's complaint was in the nature of a bill quia timet, to quiet title, and held, under the ruling of *Suplee v. Eckert,* 35 *Del.Ch.* 428, 120 *A.2d* 718, that a Court of Chancery has jurisdiction of such cases. The Vice Chancellor determined, however, that the action of the Court of Chancery constituted

a collateral attack upon a final judgment of the Superior Court and that in the absence of proof of fraud or lack of jurisdiction in the court rendering the judgment, the complaint must be dismissed. Appellant appealed to this Court, assigning as her reasons for error the same objections as made in her complaint, as hereinbefore set forth.

Appellant contends that the Sheriff's return should have indicated affirmatively that a copy of the monition was posted on the property and that its failure to do so is jurisdictional. She makes a similar objection relative to the Sheriff's return on the writ of vendi-tioni exponas.

10 *Del.C.*1953, § 4973, provides that public notice of the sale of lands and tenements under execution process shall be given by advertisements posted at least ten days before the day of sale in ten of the most public places in the County and that a "like advertisement shall be delivered at least ten days before the day of sale to the defendant, or left at his usual place of abode * * *." Again appellant contends that the failure of the writ affirmatively to show either personal service on appellant and her late husband or the leaving of a copy of the writ at their usual place of abode was jurisdictional.

We think that the judgment of the Vice Chancellor should be affirmed. The record in this case does not show a lack of jurisdiction in the Superior Court. The action of the Superior Court in approving the sale established, prima facie, its regularity. *Caldwell v. Lord,* 4 *Boyce* 440, 89 *A.* 132. In the absence of anything on the face of the record showing the contrary, there is a presumption that the Sheriff complied with every requirement of the statute. *Abbott Supply Co. v. Shockley,* 50 *Del. Super.* 261, 128 *A.2d* 794. In making his return to the Court, a Sheriff is not required to "spell out" affirmatively that each and every prerequisite for legal service of process is complied with. *Abbott Supply Company, supra; Gibbons v. Mason,* 1 *Har.* 452. See *Wooley on Delaware Practice,* p. 142.

Since the record on its face did not show lack of jurisdiction, in an effort to prove the irregularities upon which she relies,

appellant has attempted to attack the Sheriff's return as to the posting of the monition and his return on the writ of venditioni exponas. This she may not do in a collateral attack. Under the common law, in the absence of any defect on the face of the record, the return of a Sheriff is conclusive. Our Superior Court has held in the case of *Cohen v. Krigstein,* 10 *Terry* 256, 114 *A.2d* 225, that this rule of the common law has never been repealed in this state, either by statute, or rule of Court or by a continued and recognized practice in derogation thereof. In that case the trial judge held—the return of the Sheriff being regular on its face—that the return could not be attacked even in a direct proceeding.

We do not determine here whether that holding is correct; we do not reach this question because in this case we have a collateral attack upon a proceeding of the Superior Court in all respects regular upon its face. In the absence of fraud or mistake the return of the Sheriff may not be attacked under such circumstances. *Cain, Wolcott & Rankin v. Firemen's Fund Ins. Co.,* 225 *Ala.* 43, 141 *So.* 686; *Argo Oil Corp. v. R. D. Mitchell, Inc.,* 269 *Mich.* 418, 257 *N.W.* 852; *C. & D. Building Corp. v. Griffithes,* 109 *N.J.Eq.* 319, 157 *A.* 137; *Morris v. Bender,* 317 *Pa.* 533, 177 *A.* 776; 72 *C.J.S. Process* § 100, p. 1140. The Superior Court in this State is a court of general jurisdiction; the record of the proceeding is in all respects regular upon its face; there is no charge of fraud or mistake of the type which might warrant collateral attack. Under such circumstances an attack may be made, if at all, only in a direct proceeding in the court in which the judgment was originally entered.

Although that portion of our opinion as above set forth disposes of the appeal, we think that a further matter in connection with this litigation should be mentioned, that is: the right of defendant to attack the judgment of the Superior Court in this case in a direct proceeding by motion under Rule 60(b) of the Superior Court, *Del.C.Ann.* Unlike its prototype of the same number in the Federal Rules of Civil Procedure, there is no limit of time specified in any of its subsections. In formulating the amendments to this rule in the Federal courts, the Advisory Committee endeavored to ascertain all

the remedies and types of relief theretofore available by coram nobis, coram vobis, audita querela, bill of review, or bill in the nature of a bill of review. Moore and Rogers, Federal Relief from Civil Judgments, 1946, 55 *Yale L.J.* 623, 659-682. The Committee then endeavored to amend the rules of procedure, to permit either by law or independent action, the granting of various kinds of relief from judgments which were permitted in the Federal courts prior to the adoption of those rules. See 28 *U.S.C.A.* rule 60, p. 311. Many cases in the Federal courts have held that rule 60(b) should be given a liberal construction. See cases cited in pocket part to 28 *U.S.C.A.*, page 172. See also *Moore's Fed.Procedure* (2d ed.) Vol. 7, p. 251. It seems clear, therefore, that any case presenting the question of substantial rights should be resolved in favor of a petition to set aside a judgment where a litigant has not been afforded an opportunity to have his case decided on its merits and to present all the facts available in support of his position. *In re Cremidas' Estate, D.C.,* 14 *F.R.D.* 15.

It appears from the facts before us—which do not seem to be disputed—that appellant in fact had no personal knowledge that her property was being sold by the order of the court for non-payment of taxes. Although the Vice Chancellor does not seem to have found it necessary to make a finding to such effect, at one point in the trial he stated that this was his conviction. The disparity of the purchase price of $200 and the market value of approximately $5,000 would appear to be so great as to shock the conscience of the Court, and, if timely objection thereto had been made, the Court could, and probably would, have refused to confirm the sale. The record also seems to show that, when appellant actually learned that her property had been sold for non-payment of taxes, she acted promptly. Of course she cannot be charged with any delay caused by the time required to present this litigation in the Court of Chancery and in this Court, as these were circumstances beyond her control.

If the facts above set forth should be made the basis for relief under Rule 60(b) (6) and should be established to the satisfaction of the Superior Court, that Court would undoubtedly give grave con-

sideration to affording the appellant relief. It is provided in that rule that relief shall be granted "upon such terms as are just." When appellant is not at fault, and no third party rights have intervened, justice does not seem to require that appellant be made to suffer a loss in excess of $5,000. The Superior Court can in such action protect the rights of appellee, since in granting relief from the judgment, if it should determine to do so, it could impose such terms as would save the appellee from loss.

The judgment below is affirmed.