**Herbert R. TUNNELL, Jr., Plaintiff Below, Appellant,**

**v.**

**Clayton L. RINGLER and Gertrude K. RINGLER, his wife, and Baltimore Trust Company, a corporation of the State of Delaware, Defendants Below, Appellees.**

Supreme Court of Delaware.

Submitted March 16, 1979.

Decided April 30, 1979.

May 3, 1979.

James F. Waehler of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff-appellant.

John A. Sergovic, Jr. of Tunnell & Raysor, Georgetown, for defendants-appellees.

Before DUFFY, QUILLEN and HORSEY, JJ.

QUILLEN, Justice:

Plaintiff, Herbert R. Tunnell, Jr., filed in June 1977 a complaint for ejectment alleging he is the fee simple owner of a parcel in Woodland, Bethany Beach. The defendants, Clayton L. Ringler and Gertrude K. Ringler, claim title by virtue of a tax deed from the former Receiver of Taxes of Sussex County. The defendant, Baltimore Trust Company, holds a mortgage from the Ringlers.

The tax deed to the Ringlers resulted from their having been the highest bidders at a tax sale of the property, then registered on the tax roles in Tunnell's name, held on April 8, 1971. The sale was confirmed by a Superior Court judgment and the tax deed was granted to the Ringlers.

Tunnell alleges that the tax deed is void since the then Receiver of Taxes failed to comply with the provisions of 9 *Del.C.* § 8771(b), which require that written notice be given to the taxable, at his last known post office address, that the Receiver intends to sell his land for the payment of the tax. Specifically, Tunnell alleges that the Receiver of Taxes used an outdated post office address although he had been provided with Tunnell's new post office address on two separate occasions.

The defendants filed certain motions to dismiss the complaint. The Superior Court granted the defendants' motion to dismiss the complaint on the ground that the Court lacked jurisdiction in an ejectment action to collaterally attack a judgment valid on its face. A motion for reargument was denied and this appeal by plaintiff followed.

The Court below relied on *Robins v. Garvine*, Del.Supr., 136 A.2d 549 (1957). In that case, this Court held that, in the absence of proof of fraud or lack of jurisdiction, the order of the Superior Court confirming a tax sale, regular on its face, could not be attacked collaterally. It is interesting to note that the appellant contended the failure of the return to show posting on the property and the failure of the return to show personal service constituted jurisdictional defects. This Court held, however, that a sheriff is not required to spell out affirmatively each and every prerequisite for legal service of process and, in the absence of anything on the face of the record showing the contrary, there is a presumption that the sheriff complied with every requirement of the statute. The Court went out of its way, however, to specifically note that a direct attack on the judgment could be made in the Superior Court under Rule 60(b).

The plaintiff relies on *Ward v. Gray*, Del. Super., 374 A.2d 15 (1977), aff'd by order, *Gray v. Ward*, Supr.Ct., 388 A.2d 1197 (1978). In that ejectment case, the records of the tax sale showed that the required letter notice under 9 *Del.C.* § 8771(b) to three individual owners was attempted by a single letter to the last known address of only one of the owners. The letter was returned, marked "Moved, Not Forwardable." No other letter was sent. The Superior Court held the letter notice requirement to each owner to be absolutely essential to establish authority to conduct the sale and the sale was therefore conducted without jurisdiction and a nullity as to the plaintiffs, who claimed title by a direct deed from the three former record owners. This Court affirmed, noting in part that the "attack upon the finality of a tax sale upon jurisdictional grounds is not untimely."

We feel that the Court below was correct in holding this case should be governed by the *Robins* case and not the *Ward* case. Three items should be noted.

First, while the issue was in a sense jurisdictional, the lack of a statutorily mandated notice prerequisite, the question of direct versus collateral attack was not litigated in *Ward v. Gray* and there was no direct indication that either court in that case ever focused on the question. This Court affirmed, without opinion, the Superior Court's order and, as that Court's opinion shows, the ruling decided the merits of the controversy, that is, the effect of confirmation and of failure to comply with the statutory procedure. The proper procedure for raising such questions, which is the critical issue here, was not decided in *Ward*.

Second, in *Ward v. Gray*, the notice defect was apparent on the face of the record since the deed to the three record owners showed addresses for all three and the tax sale records showed that only the address of one was used. Such was not the case in the defects alleged in the *Robins* case and such is not the case with the defect alleged here, which is based on the plaintiff's claim that he supplied the Receiver with a later address than the one which showed on the tax records.

Third, in matters of title, the state of record title and public notice is vital. Collateral attacks tend to confuse the record and, under some circumstances, can create gaps in the chain of title which would not be discovered by subsequent normal title search procedures. This risk can be avoided by favoring the approach taken in the *Robins* case and by the Court below in this case. There is certainly little to recommend collateral attacks by a new action in ejectment in the very same Court that entered a judgment in the very tax sale at issue.*

We affirm the decision of the Court below because the present question was not expressly considered in *Ward v. Gray*, because the defect relied upon in that case was apparent from the face of the record, and because the better policy is served by requiring a direct attack on the judgment approving the tax sale. As in *Robins*, we note such a procedure is readily available under Superior Court Rule 60(b). Indeed, the plaintiffs here, as a matter of wise precaution, have already filed such a motion.

Affirmed.

---

\* It is interesting to note that in *Ward v. Gray*, the direct deed from the three owners involved in the tax sale proceeding to the plaintiffs was recorded prior to the approval of the tax sale and prior to the granting of the tax sale deed to the defendants. On the other hand, a complete title search, including a search of the tax records, would have disclosed the pendency of the tax delinquency proceedings at the time the plaintiffs received their deed. Thus both sides had available to them notice of a cloud on title.