IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DEPARTMENT OF FINANCE
OF SUSSEX COUNTY,                          C.A. No. S18T-01-001 CAK
Plaintiff,

    V.

KEITH D. CLARKE,
Defendant.


1995 PROPERTY
MANAGEMENT, INC.,                          C.A. No. S19C-03-002 CAK
Plaintiff,

    V.

KEITH D. CLARKE,
Defendant.


Submitted: July 11, 2019
Decided: September 30, 2019

*Upon Objections to Commissioner's Report (Pursuant to Superior
Court Civil Rule 132)*


Motion to Set Aside Sheriff's Sale **GRANTED**


Motion for Writ of Ejectment **DENIED**

# MEMORANDUM OPINION AND ORDERS

Dean A. Campbell, Esquire, Georgetown Professional Park, 2017 Office Circle, P.O. Box 568,, Georgetown, DE 19947, Attorney for Defendant

Ryan T. Adams, Esquire, Moore & Rutt, P.A., 122 West Market Street, P.O. Box 554, Georgetown, DE 19947, Attorney for Plaintiff Department of Finance of Sussex County

Paul G. Enterline, Esquire, 113 South Race Street, P.O. Box 826, Georgetown DE 19947, Attorney for Plaintiff 1995 Property Management, Inc.

**KARSNITZ, J.**

## I. INTRODUCTION

The two Motions pending before the Court relate to Monition proceedings resulting in a Sheriff's sale (the "Sheriff's Sale") by the Sheriff of Sussex County, Delaware (the "County") of the premises located at Hickman Village, Lot 11, Laurel, Sussex County, Delaware 19973, Tax Map Parcel 3-32-1.00-126.00 (the "Property"). The Property, owned by Keith D. Clarke ("Owner"), was sold at the Sheriff's Sale to 1995 Property Management, Inc. ("Purchaser") on June 19, 2018. This Court entered an Order confirming the sale on January 17, 2019. On January 30, 2019, Owner filed a Motion to Set Aside Sheriff's Sale (the "Motion to Set Aside"). On March 4, 2019, Purchaser filed a Motion for a Rule to Show Cause why Purchaser should not be entitled to an immediate Writ of Ejectment to place Purchaser in exclusive possession of the Property (the "Motion to Eject"). The Commissioner held a hearing on these two Motions on April 15, 2019. The parties submitted oral and written

1

arguments. On April 22, 2019, the Commissioner issued Orders denying the Motion to Set Aside, granting the Motion to Eject, and ordering Owner to pay Purchaser $3,405.00 in attorneys' fees and court costs incurred in filing the Motion to Eject. On May 6, 2019, Owner timely filed Objections to Commissioner's Report. Both the Department and Purchaser timely responded to Owner's Objections. On July 11, 2019, I heard oral argument on both Motions from counsel for both parties.

My ruling on the Motion to Eject follows *a fortiori* from my ruling on the Motion to Set Aside.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Owner and his ex-wife, Brinda Clarke, jointly owned the Property from September 9, 1998, until November 23, 2015. On November 23, 2015, Owner and his ex-wife conveyed the Property to Owner alone. The Property has three addresses: Hickman Village, Lot 11, Laurel, Delaware 19956 (the address on the original Deed to Owner and his ex-wife); 11 Commercial Lane, Laurel, Delaware 19956; and, 11 Hickman Drive, Laurel, Delaware 19956 (the address on the second Deed from Owner and his ex-wife to Owner). However, Owner never used any of these three addresses for receiving notices of property taxes from the County or for any other reason. Rather, the "Return To" section of the second Deed provided the following address: 9005 Executive Club Drive, Delmar, Maryland 21875 (the "Executive Club Drive Address").

2

From 2007-2017, no property taxes were paid on the Property. As of December 7, 2017, Owner owed $32,013.66 in property taxes on the Property. The County Department of Finance (the "Department") filed a Praecipe for Monition, Complaint for Entry of Judgment on Monition, and Writ of Monition in the office of the Prothonotary on January 11, 2018. The Prothonotary recorded the Praecipe in the special judgment docket and issued a Monition to the Sheriff. The Monition was posted by the Sheriff on the Property and the Sheriff made return of his proceedings under the Monition to the Prothonotary within ten (10) days after posting the Monition. After the expiration of twenty (20) days following the return of the Sheriff upon the Monition, the Department filed a Praecipe for Writ of Venditioni Exponas in the office of the Prothonotary. The Prothonotary issued a Writ of Venditioni Exponas directing the Sheriff to sell the Property. On June 19, 2018, the Sheriff sold the Property to Purchaser for $60,000.00. The Department filed an Affidavit of Non-Redemption stating that Owner had not exercised his statutory right of redemption, and Purchaser filed a Petition for Deed of Conveyance. On January 17, 2019, this Court entered an Order confirming the sale because Owner had not redeemed, and directed the Sheriff to execute and deliver a Deed to Purchaser. The Sheriff did so, and the Deed was recorded with the County Recorder of Deeds.

A detailed chronology of all pertinent facts relating to these matters is attached hereto as Appendix A.

3

## III. STANDARD OF REVIEW

Although Owner did not seek to set aside this Court's Order confirming the Sheriff's Sale under Superior Court Civil Rule 60(b), the Commissioner considered the Motion to Set Aside to have been filed pursuant to that Rule, specifically Superior Court Civil Rule 60(b)(1) ("excusable neglect"). Because I do not address the issue of excusable neglect (see below), I will consider the Motion to Set Aside to have been filed pursuant to Superior Court Civil Rules 60(b)(4) and (6).[1]

Owner's Objections to Commissioner's Report were made pursuant to Superior Court Civil Rule 132(a)(3)(ii) and 132(a)(4)(ii). Pursuant to Superior Court Civil Rule 132, Commissioners are empowered to conduct non case-dispositive hearings and to hear and determine any non case-dispositive matter pending before the Court.[2] Commissioners are also empowered to conduct case-dispositive hearings and to submit to a judge of this Court proposed findings of fact and recommendations for the disposition, by a judge, of any such case-dispositive manner."[3] The standard of review of a Commissioner's decision depends on whether the matter heard was case-dispositive or non case-dispositive.[4] If the matter is non case-dispositive, Rule 132 provides that I may reconsider any hearing or pretrial matter of the Commissioner

---

[1] *Super. Ct. Civ. R.* 60(b)(4) provides relief where the judgment is void and *Super. Ct. Civ. R.* 60(b)(6) provides relief for "any other reason justifying relief from the operation of the judgment."

[2] *Super. Ct. Civ. R.* 132(3).

[3] *Super. Ct. Civ. R.* 132(4).

[4] *Continental Cas. Co. v. Borgwarner Inc.*, 2016 WL 3909467, at *2 (Del. Super. July 14, 2016).

4

"only where the movant demonstrates that the Commissioner's order is based upon findings of fact that are clearly erroneous, or is contrary to law, or is an abuse of discretion."[5] If the matter is case dispositive, Rule 132 requires me to "make a *de novo* determination of those portions of the report or specified proposed findings of fact or recommendations to which objection is made."[6] In making such a determination, I may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Commissioner, and I may receive further evidence or recommit the matter to the Commissioner with instructions.[7]

In *New Castle County v. Kostyshyn*, 2014 WL 1347745 (Del. Super. Apr. 4, 2014), defendants engaged in an acrimonious and protracted dispute with the City of Wilmington (the "City") over unpaid property taxes. The City filed Writs of Monition against the defendants' properties with the Court and subsequently the City issued a Writ of Venditioni Exponas Monition ordering the Sheriff to put the properties up for public sale. In response, defendants filed a motion to stay the Sheriff's sale. The matter was referred to a Superior Court Commissioner who denied the motion, and the Commissioner also denied defendants' motion for reargument. Defendants then filed a motion for reconsideration of the Commissioner's decision with the Superior Court.

---

[5] *Super. Ct. Civ. R.* 132(a)(3)(iv); *Doe v. Slater*, 2014 WL 6669228, at *1 (Del. Super. Nov. 12, 2014).
[6] *Super. Ct. Civ. R.* 132(a)(4)(iv).
[7] *Id.*

5

Although *Kostyshyn* involved a motion to stay a pending Sheriff's sale, and this case involves a motion to set aside a completed Sheriff's sale, the standard of review used by the Court is the same. The Court held:

> "In this instance, the Commissioner's denial of Defendants' Motion to Stay the Sheriff's Sale and requests to dismiss the monition actions affects a substantial legal right and under these circumstances should be considered case-dispositive. In turn, the Court must and has reviewed the Commissioner's disposition thereof *de novo*."[8]

In this case, the Commissioner's Orders to set aside the Sherriff's Sale and grant a Writ of Ejectment affect a substantial legal right of Owner. As such, they are case-dispositive, and I have made a *de novo* determination of those portions of the Commissioner's Orders to which Owner has objected. After *de novo* review, I agree in part and disagree in part with the Commissioner's findings, as discussed below. I grant the Motion to Set Aside the Sheriff's Sale. It follows, therefore, that I deny the Motion to Eject.

## IV. ANALYSIS

### A. Failure to Meet Notice Requirements

With respect to notice before a Sheriff's sale, Superior Court Civil Procedure Rule 69(g) provides in pertinent part:

> "No sheriff's sale of real estate shall be held unless at least seven (7) days before the sale the plaintiff or his counsel of record shall send by certified mail, return receipt requested to … (3) to record owners acquiring title to such real estate (terre tenants) at least thirty (30) days prior to the sheriff's sale … a notice

---

[8] Citing *In re Asbestos Litig.*, 623 A.2d 546, 549 (Del. Super. Ct. 1992).

consisting of a Notice to Lien Holders, Tenants, Record Owners and Persons Having an Interest of Sheriff's Sale of Real Estate ... and a copy of the advertisement of the sale posted ... The notice shall be addressed to terre tenants at the **last known available or reasonably ascertainable address** of such terre tenants. No sheriff's sale shall be held in such action unless the plaintiff or his counsel of record or a representative of the plaintiff or his counsel of record shall file with the Court and deliver to the sheriff conducting the sale a copy of proof of the mailing and posting of such notice which shall consist of the usual receipt given by the post office of mailing to the person mailing the certified article and a copy of the Notice to Lien Holders, Tenants, Record Owners and Persons Having an Interest mailed with such notice together with an affidavit made by plaintiff or his counsel of record specifying: (i) The dates upon which the notice was mailed by certified mail; (ii) That the copy of the Notice to ... Record Owners ... attached to the affidavit is a true and correct copy of the notice mailed by certified mail; (iii) That the notice was posted on the common entrance door or in a common area of any building or buildings on the real estate which is the subject of the action and the date of such posting; (iv) That the receipt obtained at the time of mailing by the person mailing the envelope containing the notice is the receipt filed with the affidavit; and (v) If the identity or address of any ... terre tenants ... cannot be reasonably ascertained, a description of the reasonably diligent efforts that were made to ascertain such identity or address." [Emphasis supplied][9]

In this case, the County never sent the required Rule 69(g) Notice to Owner before the Sheriff's Sale at the last known available or reasonably ascertainable address of Owner. I agree with the Commissioner's findings that the efforts in sending Owner the Rule 69(g) Notice of the Sheriff's Sale were not reasonable. Owner provided the Executive Club Drive Address to the County as his tax billing address. It is clear the County received notification of the Executive Club

---

[9] "As a general rule, notice must be 'reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action.' [Footnote and citations omitted]." *Household Bank, F.S.B. v. Daniels,* 2005 WL 1953035, * 2 (Del. Super. July 14, 2005).

Drive Address as Owner's tax billing address; the May 2017 Notice of Sheriff's Sale was sent to Owner at the Executive Club Drive Address after the Property was conveyed to him alone.[10] Owner did not notify the County of any other address. The County inexplicably switched between sending notices to the Executive Club Drive Address, then to postal address 30948 Old Landing Road, then back to the Executive Club Drive Address, and then once again back to the Old Landing Road address. Furthermore, the mailings sent to each of the addresses the County used for notice of the Monition proceedings were returned as incorrect.[11] At the time of the filing, the County had the Executive Club Drive Address, as was evidenced by the federal tax lien that was included in the Rule 69(g) Affidavit. While the County understandably attempted to locate Owner at other addresses when he failed to respond to any of its notices, the Notice of Sheriff's Sale also should have been sent to the Executive Club Drive Address. By failing to send the Notice to the Executive Club Drive Address, the County did not provide notice reasonably likely to reach Owner. Thus, Owner had neither actual nor constructive notice of the Sheriff's Sale before it occurred.

---

[10] *See Tyler v. Dep't of Fin. Of Sussex County*, 2019 WL 259025 (Del. Jan. 17, 2019) (County sent notice to address defendants provided as their tax billing address and that was deemed sufficient).

[11] *See Household Bank. F.S.B. v. Daniels. supra* at *3. (The Court noted that all of the returned mail should have given the plaintiff pause about whether valid notice was given).

With respect to notice after a Sheriff's sale, 9 Del. C. §8729 provides in pertinent part:

> "The owner of any such real estate sold under this subchapter ... may redeem the same at any time within **60 days from the day the sale is approved by the Court** ..." [Emphasis supplied]

It does not appear that Owner received notice at any address of either the County's Affidavit of Redemption or Purchaser's Motion to approve the Sheriff's Sale and authorize the Sheriff to execute the Deed. Thus, Owner was effectively denied notice of his right to redeem, the Court's approval of the sale, or the execution and recordation of the Sheriff's Deed.

In his Objections to Commissioner's Report, Owner raises seven (7) objections. I need only consider Objection I, Denial of Due Process of Law in a Taking of Land, in order to reach my decision in this case.

As the Commissioner notes in her Orders, Sheriff's Sales are judicial processes, and consequently this Court has broad discretion to control such sales and to correct abuses or protect the affected parties from injury or injustice.[12] Because there is a public policy in Delaware requiring that a good faith purchaser at a tax sale reach a point where he becomes assured of absolute title and the peace attendant thereto, as a general rule a deed acquired through a tax sale will not be

---

[12] *Shipley v. New Castle County*, 975 A.2d 764,770 (Del. 2009); *Burge v. Fidelity Bond and Mortg. Co.*, 648 A.2d 414, 420 (Del. 1994).

9

questioned once confirmation and approval by this Court has taken place, and minor procedural defects will be deemed cured by confirmation.[13]

However, this public policy must give way where there was no jurisdiction to conduct the Sheriff's Sale due to failure to meet notice requirements. Sales without jurisdiction, or authority, are absolutely void and any resulting title is a nullity.[14] In *Ward v. Gray*, 374 A.2d 15 (Del. Super. 1977), plaintiffs brought an action in ejectment against parties who had purchased land at a tax sale. The names of three persons were listed as "taxable" on the Sussex County list of property owners, and the deed to the property contained the addresses for all three property owners. The notice of tax sale was sent to only one of the owners. This Court held that notice was inadequate, and that there could be no valid tax sale of the property. Moreover, the Court stated that actual or constructive knowledge on the part of the possessor of property of a tax sale which is void for lack of jurisdiction cannot cure this fatal defect. The Court granted summary judgment to the plaintiffs.

The United States Supreme Court has held a tax sale void, even two years after the sale, where notice is not reasonably calculated to notify the owner:

"Prior to an action that will affect an interest in life, liberty or property protected by the Due Process Clause, **a State must provide notice**

---

[13] *Shipley v. New Castle County, supra; Robins v. Garvine,* 36 Del.Ch. 451, 132 A.2d 51 (1957), *aff'd,* 37 Del.Ch. 44, 136 A.2d 549(1957).

[14] *Household Bank, F.S.B. v. Daniels, supra, at* ** 2-3.

10

**reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.** Notice by publication is not reasonably calculated to inform interested parties who can be notified by more effective means such as personal service or **mailed notice.**"[15] [Emphasis supplied]

## B. Delay by Owner

I disagree with the Commissioner's findings that an unexcused delay by Owner in bringing the Motion to Set Aside prevents Owner from obtaining relief. Owner first learned of the Sheriff's Sale from a United States Internal Revenue Service ("IRS") agent on November 1, 2018. On November 7, 2018 – only one week later -- Owner consulted John Sergovic, Esquire about legal representation in the matter. At some point Mr. Sergovic's firm, Sergovic Carmean Weidman McCartney & Owens, P.A. (the "Sergovic Firm"), also undertook representation of Purchaser.[16] This is a clear conflict of interest under the Delaware Rules of Professional Conduct.[17] On November 13, 2018 – also only one week later – Owner emailed the Sergovic Firm about his representation. On November 21, 2018, the Sergovic Firm mailed a signed retainer agreement to Owner, which Owner countersigned on November 25,

---

[15] *Mennonite Bd. Of Missions v. Adams*, 462 U.S. 791 (1983).

[16] It is unclear, as between Owner and Purchaser, who first entered into a retainer agreement with the Sergovic Firm, and which attorney(s) in the Sergovic Firm signed the engagement letters with Owner and Purchaser.

[17] Del. Lawyers' R. Prof'l Conduct 1.7; this conflict of interest is imputed to *all* members of the Sergovic Firm under Del. Lawyers' R. Prof'l Conduct 1.10 regardless of which individual attorney(s) represented Owner and Purchaser..

11

2018. The Sergovic Firm was specifically retained for legal services related to the Monition sale of the Property, setting aside the sale for lack of notice, and recovering the sales proceeds held by the Prothonotary's Office.

On January 16, 2019, the Sergovic Firm filed a Petition for Deed of Conveyance of the Property on behalf of Purchaser. On January 17, 2019, the Sergovic Firm obtained the Order confirming the Sheriff's Sale on behalf of Purchaser. The Order confirmed the Sheriff's Sale because there was no redemption by Owner, and directed the Sheriff to execute, acknowledge and deliver a deed conveying the title to the Property to Purchaser.[18] On January 23, 2019, the Sergovic Firm, in a telephone conversation, informed Owner that it had a conflict of interest because it represented Purchaser. On January 23, 2019 – the very same day – Owner called Dean A. Campbell, Esquire, and requested he undertake to represent him. Mr. Campbell promptly filed his notice of appearance for Owner a week later, on January 30, 2019.

Meanwhile, on February 13, 2019 – over a month *after* obtaining the Order confirming the Sheriff's Sale for Purchaser -- the Sergovic Firm withdrew as counsel for Purchaser because of the existing conflict of interest. At that point,

---

[18] The Sheriff signed the Deed conveying the Property to Purchaser on January 22, 2019, and the Deed was filed with the County Recorder of Deeds on January 25, 2019.

Purchaser was also compelled to retain new counsel, Paul G. Enterline, Esquire.

The County also unreasonably delayed in proceeding with the Sheriff's Sale. Its first Notice of Sale was on May 22, 2017, but the Sheriff's Sale did not occur until June 18, 2018 – over a year later.

In summary, there was ample delay in this case by both the County, and the Sergovic Firm on behalf of both Owner and Purchaser. This was perhaps exacerbated by the intervention of the holidays. In any event, delay is no reason to confirm a Sheriff's Sale which is otherwise null and void under applicable Delaware law. Moreover, to the extent Owner delayed, his delay is not sufficient reason to require Owner to pay Purchaser's court costs, expenses and attorneys' fees related to the Motion to Eject.

The IRS's Federal Tax Lien was inferior in priority to the County's lien for unpaid property taxes. Thus, as a matter of law, the inferior Federal Tax Lien was extinguished by the Sheriff's Sale under the County's superior lien. Although the IRS was not legally required to do so, six months after the Sheriff's Sale, at Purchaser's request it recorded a formal release of the Federal Tax Lien in the County in order to eliminate any clouds on Purchaser's title to the Property. My Orders today restore Owner and Purchaser to their positions before the Sheriff's Sale and before transfer of title to Purchaser by the Sheriff's Deed. In order for this restoration to be complete, the IRS should also be put in the position

13

that is was in before the Sheriff's Sale and transfer of title to Purchaser by the Sheriff's Deed. I am ordering that the Federal Tax Lien be restored *nunc pro tunc*. If required, an appropriate order may be filed with the Sussex County Recorder of Deeds.

## IV. CONCLUSION

As discussed above, not only did the County fail to provide Owner notice of the Sheriff's Sale, the County failed to provide Owner notice of his statutory right of redemption. As a result, the Sheriff's Sale, and the Sheriff's Deed delivered pursuant thereto, are null and void. It is my decision that title to the Property remains with Owner, and Owner must be restored to possession of the Property. The Order requiring Owner to pay Purchaser's court costs, expenses and attorneys' fees related to the Motion to Eject is reversed and vacated. Owner and the County shall promptly notify the IRS of my Opinion and Orders so that the IRS may, at its option, reinstate the Federal Tax Lien by recording notice thereof with the County Recorder of Deeds.

The Motion to Set Aside Sheriff's Sale is **GRANTED.**

The Motion for Writ of Ejectment is **DENIED.**

IT IS SO ORDERED THIS 30th DAY OF SEPTEMBER 2019.

_____
Craig A. Karsnitz, Judge

cc:    Prothonotary's Office
       Counsel of Record
       Commissioner Howard

## APPENDIX A

**August 2, 2015** – Sussex County (the "County") Finance Department (the "Department") Billing Division ("Billing") bills Owner and his ex-wife, Brinda Clarke, for current and past due property taxes. This 2015 Annual Tax Bill is sent to Owner and his ex-wife at 9005 Executive Club Drive, Delmar, Maryland (the "Executive Club Drive Address'").

**November 18, 2015** - The County Finance Department Collections Division ("Collections") sends a Past Due Tax Notice to Owner and his ex-wife at the Executive Club Drive Address.

**November 21, 2015** – Collections sends another Past Due Tax Notice to Owner and his ex-wife at the Executive Club Drive Address.

**November 23, 2015** – A Deed is filed with the County Recorder of Deeds conveying the Property from Owner and his ex-wife to Owner alone. This Deed specifically states:

GRANTEE' S ADDRESS
11 Hickman Drive
Laurel, Delaware 19956

However, that same Deed provides the following information in the "Return To" section:

Keith Clarke

9005 Executive Club Drive
Delmar, Maryland 21875

On that same date, an Affidavit for Realty Transfer Tax on Unincorporated Areas in Sussex County is filed. The address for Owner is listed on the Affidavit as the Executive Club Drive Address. In addition, a Realty Transfer Tax Return and Affidavit of Gain and Value is filed with the State of Delaware. It also lists Owner's address as the Executive Club Drive Address.

**November 29, 2015** - Owner lists the Property for sale with Keller Williams Realty. Numerous storage units are located on the Property. Tenants occupy some of those units. The Property is listed for $595,000.00. That price is Owner's decision based upon the prices of four comparable properties and a consideration of potential rental income.

**February 2016** - An offer of $150,000.00 in cash is made on the Property. Owner rejects the offer and reduces the sale price to $495,000.00.

**June 10, 2016** - Owner is sentenced by the United States District Court in and for the District of Delaware to two months of incarceration followed by twenty-four months of probation. A condition of his sentence provides:

> "Defendant shall continue to use his best efforts to sell that certain parcel of real estate located at 11 Commercial Lane, Laurel, Delaware, and defendant shall remit any and all proceeds from the sale of the property to the United States, up to the amount necessary to satisfaction of the outstanding balance of his restitution obligation [for a federal tax lien], as set forth herein."

17

This restitution obligation is $237,213.23 (the "Federal Tax Lien").

**June 18, 2016** – Collections sends a notice of intent to proceed with Sheriff's Sale to Owner at the Executive Club Drive Address.[19] Owner informs Collections about the Federal Tax Lien and sends a copy of the Federal Tax Lien to Collections.

**June 20, 2016** - Owner begins serving his two-month federal sentence.

**December 5, 2016** - Collections sends Owner a Past Due Tax Notice at 30948 Old Landing Road.[20] This is the first time an address other than the Executive Club Drive Address appears on documents from the County.

**May 22, 2017** – Collections sends a Notice of Sheriff's Sale Proceedings for Unpaid Taxes and/or Sewer Fees for the Property to Owner at the Executive Club Drive Address. Loretta Benson signs this Notice.[21]

**June 26, 2017** - A Notice of Federal Tax Lien is filed with the County Recorder of Deeds. It lists Owner's address as the Executive Club Drive

---

[19] Affidavit dated April 18, 2019, of Katrina M. Mears, the Billing Services, Collections, Treasury & Manager of Organizational Excellence in the County Department of Finance. Mears did not provide the Commissioner with a copy of such notice, but the Commissioner accepted the fact that the notice was sent at that time and to that address, as do I.

[20] The Old Landing Road address is the address of another property that Owner and his ex-wife had once owned, but sold on May 10, 2013.

[21] This Notice is addressed to Owner alone rather than to Owner and his ex-wife, unlike the notices sent in August and November 2015. Thus, the County was aware of the November 2015 change in ownership of the Property, and that the address to which the Notice should be sent was the Executive Club Drive Address.

Address.

**August 13, 2017** – Billing mails the Annual Tax Bill for the Property to Owner at 30948 Old Landing Road, Laurel, Delaware 19956.

**October 2017** – Owner rejects another offer on the Property for $150,000.00 and reduces the sale price to $395,000.00. No further offers are made on the Property.

**January 11, 2018** – Department files a Praecipe for Monition, Complaint for Entry of Judgment on Monition, and Writ of Monition with this Court. Notice of the proceedings is provided to lien holders, tenants, record owners and persons having an interest in the Property. The County has possession of the Notice of Federal Tax lien when it files this Monition proceeding.

Notice is mailed to Owner at the following four addresses:

1) Hickman Village, Lot 11, Laurel, Delaware 19956

2) 11528 Commercial Lane, Laurel, Delaware 19956

3) 30196 Old Landing Road, Laurel, Delaware 19956

4) 30948 Old Landing Road, Laurel, Delaware 19956

All of these Notices are returned to the Department with the statements that the addresses are insufficient and the Post Office cannot forward them.[22] Notice is

---

[22] The only address where Owner had ever resided is the 30948 Old Landing Road address; however, Owner sold that property in 2013. The 30196 Old Landing Road address appears to be a vacant field. Since 2015, Clarke's address has been the Executive Club Drive Address.

not sent to Owner at the Executive Club Drive Address, despite the facts that (1) the Executive Club Drive Address is in the Department's computer system, and (2) the Notice of Federal Tax Lien, which the Department has at the time of the monition proceedings, contains the Executive Club Drive Address.

**January 19, 2018** – Monition Posted on the Property.

**January 23, 2018** – Writ of Monition Returned and Collections Division sends Owner a Past Due Tax Notice at 30948 Old Landing Road, Laurel, Delaware 19956.

**February 27, 2018** - The listing agreement for the sale of the Property between Owner and Keller Williams Realty expires.

**April 12, 2018** – The Department files a Praecipe for Writ of Venditioni Exponas and a Writ of Venditioni Exponas is issued by Prothonotary.

**June 13, 2018** – County Attorney files Rule 69(g) Affidavit of Proof of Notice to Lien Holders, Tenants, Record Owners and Persons having an Interest of Sheriff's Sale of Real Estate.[23] The Notice of Federal Tax Lien, with the Executive Club Drive Address, is included in this Affidavit, but no Proof of Notice sent to Owner at the Executive Club Drive Address.

---

[23] Superior Court Civil Rule 69(g) requires that notice be sent to the last known available or reasonably ascertainable address.

**June 19, 2018** - At the Sheriff's Sale, the Property is sold to Purchaser for $60,000.00. Purchaser pays that amount to the Department on that date. The Department is owed $40,019.59 for past due property taxes and the costs and fees of the Sheriff's Sale. The Department deducts this amount and submits the excess proceeds to the Court.

**July 16, 2018** – Writ of Venditioni Exponas returned by Sheriff.

**July 30, 2018** - Billing mails Owner his 2018 Annual Tax Bill to 30916 Old Landing Road, Laurel, Delaware 19956.[24]

**September 21, 2018** - The Department files an Affidavit of Non-Redemption, stating that Owner has not, as is his right, redeemed the Property by paying all taxes, an additional 15% redemption fee, and costs within sixty (60) days of the confirmation of the Sheriff's Sale. There is no Certificate of Service showing notice to Owner at any address.

**November 1, 2018** – A United States Internal Revenue Service ("IRS") agent contacts Owner about the proceeds from the sale of the Property. The agent does not know details. This is the first time that Owner has notice that the Property had been sold.

---

[24] This is the first time this address appears on a bill from the County Finance Department. It also differs from the 30196 Old Landing Road, Laurel, Delaware 19956 address where notice was sent regarding the Monition proceedings.

21

**November 7, 2018** – Owner consults John Sergovic, Esquire about legal representation in the matter. Mr. Sergovic does not disclose to Owner that his firm, Sergovic Carmean Weidman McCartney & Owens, P.A. (the "Sergovic Firm"), also represents Purchaser. Owner informs Mr. Sergovic about the Federal Tax Lien recorded against the Property.

**November 13, 2018** – Owner sends email to Mr. Sergovic.

**November 25, 2018** - Owner signs engagement letter dated November 21, 2018 sent by Mr. Sergovic for legal services related to: the monition sale of the Property, setting aside the sale for lack of notice, and recovering the sales proceeds held by the Prothonotary's Office.

**January 16, 2019** – Sergovic Firm files Petition for Deed of Conveyance. There is no Certificate of Service showing notice of this Petition to Owner at any address.

**January 17, 2019** -- This Court enters an Order confirming the sale because there was no redemption by Owner, and directing the Sheriff to execute, acknowledge and deliver a deed conveying the title to the property to Purchaser.

**January 22, 2019** - The Sheriff signs the Deed conveying the Property to Purchaser.

**January 23, 2019** – In a telephone conversation, Mr. Sergovic informs

22

Owner that, due to a conflict of interest,[25] the Sergovic Firm cannot continue to represent Owner. Owner contacts Dean Campbell, Esquire to obtain representation.

**January 25, 2019-** The Deed to the Property from the Sheriff to Purchaser is filed with the County Recorder of Deeds.

**January 30, 2019** - The Internal Revenue Service discharges the Federal Tax Lien.

**January 30, 2019** - Mr. Campbell files an entry of appearance for Owner and files a Motion to Set Aside Sheriff's Sale because of Owner's failure to receive notice of the sale.

**February 13, 2019** – Due to the conflict of interest, the Sergovic Firm withdraws as Purchaser's attorney, and Paul G. Enterline, Esquire entered his appearance on Purchaser's behalf.

**March 4, 2019** – Purchaser files a Motion for a Rule to Show Cause why Purchaser should not be entitled to an immediate Writ of Ejectment to place Purchaser in exclusive possession of the Property.

**March 8, 2019** – Purchaser files Response to Owner's Motion to Set Aside Sheriff's Sale.

---

[25] The Sergovic Firm also represented Purchaser. It is unclear which attorney in the Sergovic Firm signed the engagement letter with Purchaser and, as between Owner and Purchaser, who first retained the Sergovic Firm.

**April 15, 2019** – Commissioner's Hearing held.

**April 22, 2019** – Commissioner issues Orders on Motion to Set Aside Sheriff's Sale and Petition Seeking Ejectment.

**May 3, 2019** – Objections to Commissioner's Report filed by Owner.

**May 13, 2019** – Department responds to Objections to Commissioner's Report.

**May 17, 2019** – Purchaser responds to Objections to Commissioner's Report.

**July 11, 2019** – Court holds evidentiary hearing on Objections to Commissioner's Report.