STATE *ex rel.* W. M. STONE *v.* W. H. SEARS, *Justice et al.*

(No. 7161)

Submitted September 8, 1931.   Decided September 15, 1931.

*Thos. P. Ryan,* for petitioner.

LITZ, PRESIDENT:

Relator, W. M. Stone, seeks by writ of prohibition to prohibit respondents, W. H. Sears, a justice of the peace of Geary District, Roane county, and R. C. Cook, from enforcing a default judgment of $233.63 and costs rendered by said justice against him and Fred Stone in favor of said Cook, May 20, 1931.

The process in the action before the justice was served upon the wives of the defendants therein.   The returns of service recited, as justification for substituted service, that process was executed "by delivering a true copy thereof to Mrs. W. M. Stone at home," and "by delivering a true copy thereof to Mrs. Fred Stone at home."   The statute authorizing substituted service, chapter 50, article 3, section 8, Code 1931, provides that if the defendant be not found the process "may be served at his (or her) usual place of abode, by delivering a copy thereof, and giving information of its purport, to his wife (or her husband) or to any person found there who is a member of his (or her) family and above the age of sixteen years."   It will be observed that the return as to each defendant fails to show, among other requirements, (1)

that the defendant could not be found; (2) that the process was delivered to the wife at his usual place of abode; and (3) that she was given information of its purport.

"In order that substituted service shall have the effect of actual service upon the party in person, the return must show that all essential provisions of the statute authorizing such substituted service have been strictly complied with." *Jones v Crim*, 66 W. Va. 301, 66 S. E. 367; *Staunton Perpetual B. & L. Co.* v. *Haden*, 92 (Va.) 201, 206, 23 S. E. 285; *Midkiff* v. *Lusher*, 27 W. Va. 439; *King* v. *Davis*, (Va.) 137 Fed. 198, 206. "The return of service by leaving a copy of the notice or process should show that information was given by the officer to the person with whom it was left, of the purport of such notice or process." *Vandiver* v. *Roberts*, 4 W. Va. 493; *Midkiff* v. *Lusher*, cited; *Douglass* v. *Kanawha, etc., R. Co.*, 44 W. Va. 267, 28 S. E. 705; *Capehart* v. *Cunningham*, 12 W. Va. 750. "Service of a summons on a defendant by delivering a copy thereof to his wife is not sufficient where the officer's return fails to show that he gave her information of its purport, and a judgment by default on such service is void." *Park Land, etc., Co.* v. *Land*, 106 (Va.) 304.

The peremptory writ is, therefore, awarded.

*Write awarded.*