Albert SHORE, Plaintiff,

v.

CORNELL–DUBILIER ELECTRIC CORPORATION et al.

Civ. A. No. 60–784–C.

United States District Court
D. Massachusetts.

June 6, 1963.

William I. Schell, Rittenberg & Rittenberg, George B. Rittenberg, Boston, Mass., for plaintiff.

Ropes, Gray, Best, Coolidge & Rugg, John M. Harrington, Jr., Boston, Mass., for defendants Federal Pacific Electric Co., Cornell-Dubilier Elec. Corp., and Tobe Deutschmann Corp.

Francis G. Poitrast, Poitrast, Carney & Moore, Boston, Mass., John M. Harrington, Jr., Ropes, Gray, Best, Coolidge & Rugg, for defendant Felix S. Weiss.

James P. Lynch, Jr., Nutter, McClennen & Fish, Boston, Mass., for defendant Octave Blake.

Francis G. Poitrast, Poitrast, Carney & Moore, for defendant Ferrante.

CAFFREY, District Judge.

This is a derivative action commenced on October 19, 1960, by the plaintiff, a minority stockholder of the defendant Tobe Deutschmann Corporation, seeking relief on behalf of that corporation against the other corporate defendants and certain individuals who were officers and directors of one or more of the corporate defendants.

The defendants have filed motions to dismiss, to strike certain allegations in the complaint, and for a more definite statement. These motions will be dealt with *seriatim*.

### I.

The motions of Federal Pacific Electric Company, Cornell-Dubilier Electric Corporation, Tobe Deutschmann Corporation, Joseph Ferrante and Felix A. Weiss to dismiss *in toto* are denied. However, to the extent that the complaint alleges illegal conduct of the defendants occurring between October 1956 and October 19, 1958, such claims are barred by the Massachusetts two-year statute of limitations (Mass.G.L. c. 260, § 2A). A federal district court sitting in Massachusetts must apply the Massachusetts limitations statute because a Massachusetts state court would do so, see Bonsant v. Rugo, 190 F.Supp. 958 (D.Mass.1961), although as to the substantive law governing the extent of the liability of the defendants a Massachusetts court would and, therefore, this court will, apply the law of Delaware since all of the corporate defendants are Delaware corporations. Beacon Wool Corp. v. Johnson, 331 Mass. 274, 279, 119 N.E.2d 195 (1954).

### II.

Defendant Octave Blake has moved to dismiss on the grounds (1) that he has not been properly served with process, and (2) that as to him, venue is improperly laid in the District of Massachusetts.

In support of the first ground Blake filed an affidavit in which he says that he is not a resident of Massachusetts but divides his time between residences in New Jersey and New York City; that he has not been personally served with process in this action; and that the only service attempted to be made upon him consisted of a Deputy Marshal's leaving a copy of the summons and complaint with a Mrs. B. Gladys Martin at a house owned by Blake at 74 Fort Street, Fairhaven.

Mr. Blake further avers that he visits the house only on infrequent business trips to the Cornell-Dubilier plant in New Bedford and that he was not present on December 17, 1960 when the purported service was made. He describes thusly his relationship to Mrs. Martin:

"8. Mrs. B. Gladys Martin, who is described in the return of service as my 'housekeeper' is not, and has not been, my employee and is not on my payroll. Under arrangement with Cornell-Dubilier Electric Corporation, she has been available to perform housekeeping and culinary duties at 74 Fort Street, Fairhaven, on those occasions when I have been at Fairhaven. Sometime before December 17, 1960, I was informed that Mrs. Martin had given up her apartment in Fairhaven or New Bedford and that she had recently purchased a house which was not yet ready for occupancy. Accordingly, upon her request I granted her permission to stay temporarily at my Fairhaven house, since I did not intend to use it. I am informed and believe that on December 17, 1960, she was in the process of moving her belongings into the Fairhaven house.

"9. At no time did I ever authorize Mrs. Martin to accept service of process on my behalf, or in my stead, nor have I ever constituted her my agent or attorney for such purpose."

These unchallenged averments are taken to be true for the purposes of this motion. See Rohlfing v. Cat's Paw Rubber Co., 99 F.Supp. 886, 893 (D.Ill.1951).

On this state of the record the attempted service was insufficient. If a defendant is not served personally or through an agent authorized by appointment or by operation of law to receive process, the service is valid only if left at his "dwelling house or usual place of abode" (Federal Rules of Civil Procedure 4[d] [1]) or his "last and usual place of abode" (Mass.G.L. c. 223, § 31, incorporated into the federal law by Federal Rule 4[d] [7]). The cases make clear that it is not enough to leave a summons at a house that defendant owns or occupies from time to time. The house must be his usual and normal residence. See, e. g., First National Bank & Trust Co. of Tulsa v. Ingerton, 207 F.2d 793, 794–795 (10 Cir. 1953); Berner v. Farny, 11 F.R.D. 506 (D.N.J. 1951); Ames v. Winsor, 19 Pick. (36 Mass.) 247 (1837). Plaintiff introduced no evidence to rebut defendant Blake's averments that the house at 74 Fort Street, Fairhaven is not his usual and normal residence, and, therefore, the complaint is dismissed as to him for insufficiency of service of process.

The Court accordingly does not reach the second ground of Blake's motion to dismiss.

Pursuant to the provisions of Rule 54 (b), Federal Rules of Civil Procedure, I determine that there is no just reason for delay and direct the Clerk to enter judgment this date for the defendant Octave Blake.

### III.

Motions to strike and motions for a more definite statement are not generally favored in current Federal practice, in view of the availability of a variety of pretrial discovery procedures, and are rarely granted. There has been no showing to warrant the allowance of such motions in this case and

all motions to strike and for a more definite statement are denied. See 1A Barron & Holtzoff, Federal Practice & Procedure, secs. 362, 367 (Wright ed. 1960).