194 A.2d 134 (1963)
Vernell BROOKS, Appellant,
v.
CONCORD FACTORS, INC., a corporation, Assignee of Union Furniture & Appliance Co., Inc., Appellee.
No. 3277.
District of Columbia Court of Appeals.
Argued September 4, 1963.
Decided October 7, 1963.
T. Emmett McKenzie, Washington, D. C., for appellant.
No appearance for appellee.
Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).
CAYTON, Judge.
In February, 1957, judgment by default was entered against appellant in a contract action. Almost six years later, in December, 1962and following an action to enforce the judgment by a judgment creditor's bill in the United States District Court for the District of Columbiaappellant filed a motion to vacate the judgment. In the motion appellant did not claim she had not received the suit papers, but attacked the return of process by the United States Marshal as defective on its face
Some three weeks later appellant's motion was denied for failure to prosecute. Appellant filed a new motion to set aside the ruling just mentioned, and after a hearing it was denied and this appeal was taken.
The United States Marshal's return was as follows:
"Served the within named Vernell Brooks personally by leaving copies thereof at her usual place of abode with Jane Doe a person of suitable age and discretion then residing therein at 1421 Buchanan N.W. as directed by Attorney for Plaintiff under M. C. Rule 4."
This type of service is authorized by Rule 4(c) (1) of the trial court, which is the same as Rule 4(d) (1) of the Federal Rules of Civil Procedure, and provides:
"(c) * * * Service shall be made as follows:
"(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling *135 house or usual place of abode with some person of suitable age and discretion then residing therein * * *"
Appellant would have us rule that the "Jane Doe" return was defective on its face. But such has never been held in construing the rule of the trial court or its federal counterpart. The rule was designed to bring notice to a defendant in the manner indicated. If appellant had denied receiving process, or had denied that the person with whom it had been left was of suitable age and discretion or was residing at the address stated, or had alleged that such was not her dwelling or usual place of abode, this would have constituted a proper challenge of the validity of the Marshal's return. Upon such a challenge it would have been proper to require proof of the actual identity of "Jane Doe" and her status. But, as we have seen, appellant's motion to vacate the judgment made no such challenge; it stated only that the return was defective on its face.
We have recognized that a defendant has standing to demand relief when he did not receive process or received it too late to come in with a timely defense. Green v. United Securities Corporation, D.C.Mun. App., 177 A.2d 430. But that is not the situation here. We hold that the requirements of the rule have been satisfied and that the service of process was not defective. Smith v. Kincaid, 6th Cir., 249 F.2d 243, 245; Jackson v. Heiser, 9th Cir., 111 F.2d 310, 312; De George v. Mandata Poultry Company, E.D. Pa., 196 F.Supp. 192, 193; De Levay v. National Savings and Trust Company, D.C.Mun.App., 161 A.2d 465, 467.
What we have said also applies to appellant's claim that she was denied a hearing on her post-judgment motions. The record recites that the second motion was denied "after hearing." The motions were not supported by affidavits and there is no indication that appellant sought an opportunity to present evidence.
Affirmed.