In 1951 judgments by default were entered against appellants in a contract action. In 1963 appellants moved to vacate the default judgments contending they had never received the suit papers. There motion was denied and this appeal followed.
The United States Marshal's return stated:
 "Served copies of the complaint — bill of particulars — and this summons, on the Defendant, Lee Ella Hoaney Per [personally].
 "Served the within named Charles Hoaney personally by leaving copies thereof at his usual place of abode with Mrs. Hoaney, wife, a person of suitable age and discretion, then residing therein at 2005 I St. N.E. as directed by Attorney for Plaintiff under M.C. Rule 4."
Appellants do not deny that 2005 I Street, N.E., was their usual place of abode or that Mrs. Hoaney was a person of suitable age and discretion. They allege, however, that 2005 I Street, N.E., is an apartment building with twelve apartments and that the marshal's return failed to state that he served them in "Apt. 2" which was included as part of their address in the caption on the complaint. They would have us rule that such failure invalidated the return as a matter of law.
At the hearing on the motion the marshal testified for appellees. He identified his signature and stated that he was familiar with the building in which appellants resided. Because of the time lapse involved, however, he could not recollect serving the summons and complaint in question. Mrs. Hoaney testified and denied ever receiving the suit papers.
The general rule is that the marshal's return may be impeached only by strong and convincing evidence. Hicklin v. Edwards, 226 F.2d 410, 414 (8th Cir. 1955); Halpert v. Appleby,23 F.R.D. 5, 6 (S.D.N.Y. 1958); Tate v. Kelley, D.C.Mun.App.,129 A.2d 855, 856 (1957). We hold that the failure to include "Apt. 2" on the return did not invalidate the service as a matter of law, and that the denial of the receipt of the suit papers created a question of fact for the trial court to resolve. Since the record discloses sufficient evidence to substantiate the finding, the judgment is
Affirmed.