Vicenta CASTRO, Appellant,

v.

UNIVERSAL ACCEPTANCE CORPORA-
TION, Appellee.

No. 3419.

District of Columbia Court of Appeals.

Argued Feb. 24, 1964.

Decided April 30, 1964.

Rehearing Denied May 26, 1964.

Harry Tyson Carter, Washington, D. C., for appellant.

Bernard T. Levin, Washington, D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge:

Defendant appeals from a decision denying a motion to set aside a default judgment and to quash service of process.

The suit was filed on September 7, 1962, and three days later the United States Marshal made the following return:

"Served the within named Vincenta [sic] Castro under Rule 4 by leaving copies thereof at her usual place of abode with Mr. Singh at 1638 Argonne Pl., N.W. Date Sept. 10, 1962."

On June 17, 1963, judgment by default was entered, after which plaintiff issued a

writ of attachment. Defendant then moved to set aside the default, and to quash the service of process and writ of attachment. The motion was heard on August 7, 1963. Defendant did not appear in person, but her attorney submitted her affidavit stating:

"That she has never resided nor maintained her dwelling house or usual place of abode at 1638 Argonne Place, Northwest, Washington, D. C.

"That no person named or known as Mr. Singh has ever resided in her dwelling house or usual place of abode.

"That no person named Mr. Singh was authorized by appointment to receive any summons or complaint or any other process in her behalf."

The affidavit also stated that she did not know suit had been filed against her until being notified of the writ of attachment. During the hearing there was a stipulation that defendant's minor son occupied an apartment at 1638 Argonne Place throughout 1962 and that the lease for the apartment was signed by defendant. The judge scheduled another hearing for September 24, 1963, to permit defendant to appear with witnesses, but her attorney elected to rely on the previously filed affidavit and neither defendant nor any witnesses appeared.[1] The trial court then held that:

"* * * the return of the marshal is prima facie evidence of the facts stated therein and strong and convincing proof is required to rebut the presumption of its verity. No such evidence was adduced by defendant, although she was given ample opportunity to do so. Her affidavit was not sufficient."

Appellant argues that the requirements of Rule 4(c) (1) were not met since her affidavit stated she had never resided

at the Argonne Place address and this statement was uncontradicted. She seeks to bring herself within the rule of cases like Williams v. Capital Transit Co., 94 U.S.App.D.C. 221, 215 F.2d 487 (1954) and Shore v. Cornell-Dubilier Corporation, D.C.Mass., 33 F.R.D. 5 (1963) where the unchallenged statements in a defendant's affidavit alleging that process was not served at his dwelling house or usual place of abode were taken to be true for the purposes of the motion and the service was held insufficient. In the Williams case the trial judge offered the *plaintiff* an opportunity to present evidence to show that the defendant did in fact reside at the address where process was served, but no such evidence was offered. Although it was not spelled out in the opinion, apparently the court felt that because the return of service was rebutted by the affidavit it was then the duty of the plaintiff to prove the defendant's place of abode. There the facts were never at issue. In our case it was stipulated by the parties that the defendant was the lessee of the apartment at which the process was served. The statements in defendant's affidavit purporting to state her places of residence in recent years, coupled with the stipulation, made the actual location of defendant's dwelling house or usual place of abode a question of fact. The trial court acted properly in giving defendant an opportunity to appear with witnesses to establish her true place of residence, since there is a presumption of truth attaching to the Marshal's return of service which may only be impeached by strong and convincing evidence. Hoaney v. Liss, D.C.App., 194 A.2d 668 (1963); Tate v. Kelley, D.C.Mun. App., 129 A.2d 855 (1957). Defendant declined that opportunity and elected to stand on her affidavit. The circumstances were not such as to require a ruling that the affidavit overcame the presumption of correctness in the official return of service.

---

1. In a Memorandum Opinion dated October 1, 1963, the judge stated: "A further hearing was scheduled on September 24, 1963, to permit defendant to appear with witnesses. Neither defendant nor witnesses appeared, her attorney again electing to rest upon the affidavit of July 31, 1963."

Defendant also says the trial court erred in finding that she had appeared at plaintiff's office within an hour after service. This was not really material, since it was not a necessary finding to the decision of the trial judge denying the motion to quash service. Although it could be implied from such a finding that defendant had actual knowledge of the suit, the trial court's decision in this case was not based on such knowledge or lack of knowledge.

■ Appellant did not specifically challenge the Marshal's return as invalid because it failed to recite, in the exact wording of Rule 4, that the person who accepted the process was someone of suitable age and discretion residing at the address stated. However, it is not unreasonable to regard the statement in the return, that it was made "under Rule 4," as incorporating the language of that Rule.[2] In the quarter century of its operation the identical Federal rule has not been construed differently in any reported decision we have been able to find.

Affirmed.

HOOD, Chief Judge (dissenting):

It is my opinion that the trial court should have vacated the default judgment for lack of proper service of process. Accepting the return of the marshal as true, it is readily seen that all it states is that service was made on defendant by leaving copies at her usual place of abode with a Mr. Singh. This is not enough. The rule requires that the copies be left at the dwelling house or usual place of abode "with some person of suitable age and discretion then residing therein."

The marshal's return does not state that Mr. Singh was a person of suitable age and discretion, and more importantly does not state that he was then residing at defendant's usual place of abode. From all that appears on the return, Mr. Singh could have been a total stranger to defendant who simply chanced to have been on the premises when the marshal arrived.

The trial court's Rule 4, modeled after Rule 4 of the Federal Rules of Civil Procedure, provides for a form of substituted service and "all forms of substituted service in actions purely in personam, constitute departures from the rule of the common law and the statutory authority therefor should be strictly followed." Wise v. Herzog, 72 App.D.C. 335, 338, 114 F.2d 486, 489 (1940). Not only must the statutory authority be strictly followed in effecting service, but the return also should show such compliance. 42 Am.Jur., Process § 121; 72 C.J.S. Process §§ 94a and 95. Thus it was said in State ex rel. Stone v. Sears, 111 W.Va. 42, 43, 160 S.E. 297 (1931): "In order that substituted service of original process shall have the effect of actual service upon the party in person, the return must show that all essential provisions of the statute authorizing such substituted service have been strictly complied with." [1] The only case found dealing with this question under Rule 4 of the Federal Rules of Civil Procedure is that of Scheerger v. Wiencek, D.C.W.D.N.Y., 34 F.Supp. 805 (1940), where it was said: "The certificate here should show where the service was made and that the person served was one of suitable age and discretion."

I do not believe, as the majority opinion indicates, that because the return states that service was made under Rule 4, it can

---

2. See Robins v. Garvine, 37 Del.Ch. 44, 136 A.2d 549 (1957) and Abbott Supply Company v. Shockley, 11 Terry 261, 50 Del. 261, 128 A.2d 794 (1956) holding that a sheriff is not required to affirmatively spell out in his return that each and every prerequisite for legal service has been complied with; and State v. Moore, 230 N. C. 648, 55 S.E.2d 177 (1949) holding that

"service" implies service as required by law.

1. See also, Chiaro v. Lemberis, 28 Ill.App. 2d 164, 171 N.E.2d 81 (1960); Hicks v. Hamilton, Okl., 283 P.2d 1115 (1955); Carter v. Carter, 147 Conn. 238, 159 A.2d 173 (1960).

be implied that all requirements of Rule 4 were complied with. The statement of the marshal that service was made under Rule 4 is simply his conclusion. " * * * a return of service may not be aided by presumptions or intendments, and it must show on its face that every requisite of the statute has been complied with." State ex rel. Boll v. Weinstein, 365 Mo. 1179, 295 S.W.2d 62, 65 (1956).

In conclusion it may be noted that following the adoption of Rule 4 by the trial court the marshal's form of return under that rule showed full compliance with all its requirements. See the form of return set forth in Brooks v. Concord Factors, Inc., D.C. App., 194 A.2d 134 (1963) and Hoaney v. Liss, D.C.App., 194 A.2d 668 (1963), dealing with returns made in 1951 and 1957. For some reason the marshal has adopted the abbreviated form of return used in this case, and in my opinion it is completely inadequate to show proper service. For these reasons I dissent.