FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C., Appellant,

v.

James BELTS, Appellee.

No. 81–1619.

District of Columbia Court of Appeals.

Submitted Dec. 1, 1982.

Decided Feb. 7, 1983.

George H. Eggers, Silver Spring, Md., on brief, for appellant.

Robert A. Johnson, Washington, D.C., on brief, for appellee.

Before KELLY and TERRY, Associate Judges, and GALLAGHER, Associate Judge, Retired.

PER CURIAM:

Appellant insurance company sued appellee in the Superior Court of the District of Columbia for damages to its subrogors' property caused by fire. It served appellee pursuant to Super.Ct.Civ.R. 4(d)(1).[1] The Special Process Server's affidavit showed service upon one Dorothy Belts at 1063 44th Street, N.E., Apt. B, "a person of suitable

---

1. Super.Ct.Civ.R. 4(d)(1) provides:

    The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

    (1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

age and discretion then residing therein, in accordance with Rule 4(D) of this Court." [2] When appellee failed to answer the complaint, appellant sought and obtained an entry of default. Appellant then filed for judgment and sent notice to appellee pursuant to Super.Ct.Civ.R. 55–II(a); obtained a default judgment, a copy of which was mailed to appellee; and subpoenaed appellee for oral examination. Appellee's wife obtained one continuance of the oral examination and appellee obtained another. Appellee subsequently filed a motion to set aside the judgment and set the case for trial on the ground of lack of service of process.[3] The court granted his motion. Appellant now appeals the trial court's order.

At the motions hearing, appellee testified that he and his wife Dorothy had lived at the address and in the apartment shown on the affidavit for seventeen years. Dorothy could read, he said, but he could not. He denied receipt of any court papers. Appellant presented no testimony at the hearing—it relied upon the process server's affidavit. In granting appellee's motion, the court reasoned, "[H]ow do we know that he got the right Dorothy Belts?"

■ The grant or denial of a motion to set aside a default judgment is committed to the sound discretion of the trial court. *Firestone v. Harris,* 414 A.2d 526, 528 (D.C. App.1980); *Jones v. Hunt,* 298 A.2d 220, 221–22 (D.C.App.1972). In exercising its discretion, the trial court must choose "what is right and equitable under the circumstances and the law" and state the reasons which support its conclusion. *Johnson v. United States,* 398 A.2d 354, 361–64 (D.C. App.1979).

■ We have previously held that the return of service by a process server may be impeached only by strong and convincing evidence, *Castro v. Universal Acceptance*

*Corp.,* 200 A.2d 202 (D.C.App.1964); *Hoaney v. Liss,* 194 A.2d 668 (D.C.App.1963); *Tate v. Kelley,* 129 A.2d 855 (D.C.Mun.App. 1957), and cannot be held ineffective solely on the ground that court papers were not delivered to a defendant. *Day v. United Securities Corp.,* 272 A.2d 448 (D.C.App. 1970).

In *Castro v. Universal Acceptance Corp., supra,* we affirmed the trial court's decision that the defendant's affidavit alone, in the absence of corroborating witnesses, was not sufficient to rebut the presumption of verity attached to the marshal's return of process. The defendant in *Castro* had moved in the trial court to set aside the default judgment against her. In the affidavit she submitted, the defendant claimed that she had never resided at the address shown on the United States Marshal's return. However, other evidence in the record revealed that the defendant had signed the lease for the apartment shown on the return and that her minor son had occupied that same apartment throughout the year in question.

■ Here the affidavit of the process server was contradicted only by testimony in direct examination:

Q. Did you get any service? Some court papers? Were court papers served on you on or about November 1979?

A. No.

and testimony in cross-examination:

Q. And as I understand your testimony, that these papers were not served on you?

A. No, sir. No more than the papers that tell me to come down here and my wife come down here and say I have to come down here, you know, at least a couple weeks.

Appellee did not testify that his wife Dorothy had not been served and his wife never testified. Hence, the evidence presented was neither strong nor convinc-

---

2. Service was made on November 20, 1979, at 11:25 a.m. Dorothy Belts was described in the first affidavit as "Age 35, Ht. 5'5", Comp. Dark Brown, Hair Brown." Several amended affidavits were thereafter filed.

3. Appellee claimed that he was unaware of the suit until he received notice of the oral examination sometime in June 1981.

ing enough to impeach the presumption of truth attached to the statements in the process server's return. *See Castro v. Universal Acceptance Corp., supra,* 200 A.2d at 203. Moreover, the court's reason for setting aside the judgment did not state an intelligible basis for vacating the default judgment given the facts. *See Johnson v. United States, supra,* 398 A.2d at 364. On this record, we conclude the court abused its discretion in setting aside the default judgment.

*Reversed.*