Lajuan **ALEXANDER, et al.,**
Appellants,

v.

The **POLINGER COMPANY, Appellee.**

No. 84–825.

District of Columbia Court of Appeals.
Submitted Feb. 20, 1985.
Decided Aug. 1, 1985.

Richard C. Eisen, with whom John E. Scheuermann, Washington, D.C., was on the brief, for appellants.

Philip M. Musolino, Washington, D.C., for appellee.

Before NEBEKER, BELSON and ROGERS, Associate Judges.

ROGERS, Associate Judge:

Appellants-tenants appeal the denial of a motion under Super.Ct.Civ.R. 60(b)(4) to vacate default judgments for possession. They contend the judgments are void *ab initio* because service was not effected in accordance with Super.Ct. L & T R. 4. Hence, they contend a question about the validity of service existed which prohibited the clerk from entering the default judgments under Super.Ct. L & T R. 11. The trial court ruled that although the returns of service did not comply with the requirements of L & T Rule 4, in the absence of any affidavits by the tenants averring lack of service or testimony from the process servers, the tenants had shown only insufficient proof of service and not invalid service. We affirm.

Eighty-one default judgments for possession by appellee were entered against appellants from 1979 to 1982. When appellee filed subsequent possessory actions in July and August 1982 for nonpayment of rent, appellants filed motions on July 8, 1983, to consolidate the actions, vacate the default judgments, and dismiss the actions. A hearing was held on December 30, 1983. On May 23, 1984, the trial court granted the motion to consolidate and denied the motions to vacate and dismiss.

■ Our standard of review of the denial of a Rule 60(b)(4)[1] motion is whether the trial court abused its discretion. *Joseph v. Parekh*, 351 A.2d 204, 205 (D.C. 1976); *Day v. United Securities Corp.*, 272 A.2d 448, 450 (D.C.1970). In evaluating the propriety of a denial of a motion under Rule 60(b), we consider whether the movant received actual notice of the proceedings, acted in good faith, presented a prima facie adequate defense, and acted promptly upon discovery of the judgment. Prejudice to the nonmoving party is also a factor. *Clark v. Moler*, 418 A.2d 1039, 1043 (D.C. 1980); *Jones v. Hunt*, 298 A.2d 220, 221–22 (D.C.1972). A showing of a meritorious defense is not required when a judgment is void. *Colbert Refrigeration Co. v. Edwards*, 356 A.2d 331, 333 (D.C.1976) (citing *Hantman v. Zeiger*, 135 A.2d 650, 652 (D.C.1957)); *see Wise v. Herzog*, 72 App. D.C. 335, 341, 114 F.2d 486, 492 (1940). Further, Rule 60(b) "places no time limit on an attack upon a void judgment, nor can such a judgment acquire validity because

of laches on the part of him who applies for relief from it." *Austin v. Smith*, 114 U.S. App.D.C. 97, 103, 312 F.2d 337, 343 (1962); *V.T.A., Inc. v. Airco Inc*, 597 F.2d 220, 224 n. 9 (10th Cir.1979) (citing 11 C. WRIGHT & A. MILLER, *Federal Practice & Procedure:* Civil § 2866 (1973)). Although the setting aside of a default judgment is committed to the sound discretion of the trial court, even a slight abuse of discretion may justify reversal since courts favor a trial on the merits. *Clark v. Moler, supra*, 418 A.2d at 1041; *see Barr v. Rhea Radin Real Estate, Inc.*, 251 A.2d 634, 635–36 (D.C.1969).

## I.

■ Landlord and Tenant Rule 4 provides in pertinent part:

If service of process is made by posting pursuant to D.C.Code 1981, § 16–1502, the plaintiff or his agent shall send to the defendant, by first-class mail, a copy of the summons and complaint at the address named in the complaint no later than 1 day after the posting. Proof of the mailing of such notice shall be on a form prescribed by the Court and certified by an attorney or sworn to by a special process server.

The return of service shall be made under oath in the District of Columbia and shall be in the form of Landlord-Tenant Form 3, which is incorporated herein by reference.

Form 3[2] directs the process server by affidavit to "Set forth specific facts from

---

1. Super.Ct.Civ.R. 60(b), which is applicable to proceedings in the Landlord and Tenant Branch, Super.Ct. L & T R. 2, provides in pertinent part:
   On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void; ...

2. Form 3 provides in relevant part:
   ... I served a copy of the complaint and summons at the defendant's address as follows:
   ( ) [personally]
   ( ) [by leaving a copy with a person of suitable discretion]

( ) Having attempted with due diligence and failed to effect service upon the defendant(s) personally or upon a person suitable discretion above the age of 16 years residing on or in said premises, by posting a copy of said complaint and summons on the door of the premises where it can be conveniently read.
Set forth specific facts from which the Court can determine that process was served as indicated above and in compliance with D.C. Code Section 16–1502 (1973 Ed.) and SCR L & T 4:

---

Special Process Server

which the court can determine that process was served in compliance with D.C. Code Section 16–1502 (1973 ed.)[3] and SCR L & T 4." The trial court found, and we agree, that the requirements of Rule 4 and Form 3 are clear, definite and unambiguous.

In *Parker v. Frank Emmet Real Estate*, 451 A.2d 62 (D.C.1982), this court examined the degree of care which a process server must observe under D.C. Code § 16–1502 (1981),[4] before resorting to posting. Holding that service was not effected by posting the summons after merely knocking on the door and receiving no answer, the court relied on the long-observed rule that a process server must make a "diligent and conscientious effort," *id.* at 64 (citing *Westmoreland v. Weaver Brothers, Inc.*, 295 A.2d 506, 509 n. 12 (D.C.1972)), and that posting is available as a form of service only where efforts at personal and substituted service have failed. *Id.*; *see Greene v. Lindsey*, 456 U.S. 444, 454–56, 102 S.Ct. 1874, 1880–81, 72 L.Ed.2d 249 (1982); *Dewey v. Clark*, 86 U.S.App.D.C. 137, 139, 180 F.2d 766, 768 (1950). In *Dewey v. Clark, supra*, 86 U.S.App.D.C. at 140, 180 F.2d at 769, the court held that the fact that the person to be served or any tenant or person over age 16 years cannot be found "must be adequately ascertained as a condition to the validity of service by posting." This court has explained that " 'the judicially construed requirement of diligence was designed to prevent the commencement of actions for possession where ... further efforts on the part of the process server

could have avoided utilization of the least preferred method of effecting service of process.' " *Parker v. Frank Emmet Real Estate, supra*, 451 A.2d at 65 (quoting *Shannon & Luchs Co. v. Jones*, 109 Wash. D.L.Rptr. 2501, 2506, Dec. 8, 1981 (L & T No. 56508–81, Nov. 16, 1981) (footnotes omitted)).[5]

■ Because process servers must be diligent and conscientious and posting is the least preferred form of service, Rule 4 was clearly violated in the instant case.[6] The returns indicated only that they had been served by posting as set forth in Item 3 of Form 3, *see supra* note 2, without reciting the particular details of the efforts to make personal service. Thus they failed "to show exactly the things which [they] should show, in order to comply with the statute [and] with the rule...." *Wise v. Herzog, supra*, 72 App.D.C. at 340, 114 F.2d at 491. Appellee's contention that Form 3 is intended only for purposes of illustration is contrary to the plain language of Rule 4.

## II.

Appellants contend that the violation of Rule 4 raised a "question as to the validity of service," and therefore the judgments entered by the clerk pursuant to Rule 11 are void. L & T Rule 11 provides in pertinent part:

> If the plaintiff is present and (1) neither the the [sic] defendant nor anyone purporting to represent him is present, (2) there is no question as to the validity of

---

**3.** D.C. Code § 16–1502 (1973) is identical to § 16–1502 (1981), which provides in pertinent part:

> If the defendant has left the District of Columbia, or cannot be found, the summons may be served by delivering a copy thereof to the tenant, or by leaving a copy with some person above the age of sixteen years residing on or in possession of the premises sought to be recovered, and if no one is in actual possession of the premises, or residing thereon, by posting a copy of the summons on the premises where it may be conveniently read.

**4.** *See supra* n. 3.

**5.** *Parker v. Frank Emmet Real Estate, supra*, 451 A.2d at 66, also rejected the view that actual notice can cure inadequate service. *See also Jones v. Brawner Co.*, 435 A.2d 54, 56 (D.C.1981) ("tenant's actual receipt of notice is irrelevant in case where landlord resorts to substituted service").

**6.** *See* comment accompanying Super.Ct. L & T R. 4; *see also* comment on amended Super.Ct. L & T R. 4 (Supp.Jan.1985); *Austin v. Smith, supra*, 114 U.S.App.D.C. at 102, 312 F.2d at 342 (statute in derogation of common law to be strictly construed against party who invoked it).

service upon the defendant, and (3) the plaintiff does not seek a money judgment or attorney's fees, the Clerk shall enter judgment for the plaintiff as demanded in the complaint except that, upon request of the plaintiff, the Clerk shall reduce the amount of rent claimed to be owing.

■ Although under Rule 11 the clerk is authorized to act only in a purely ministerial capacity, *see Weedon v. Gaden,* 136 U.S.App.D.C. 1, 4, 419 F.2d 303, 306 (1969), the policy of finality of judgments [7] requires that some showing be made why a default should be set aside. *See Joseph v. Parekh, supra,* 351 A.2d at 205; *Jones v. Hunt, supra,* 298 A.2d at 222. The law is long settled that:

> [i]f the record is silent with respect to any fact which must have been established before the court could have rightly acted, it will be presumed that such fact was properly brought to its knowledge. But if the record give the evidence or make an averment with respect to a jurisdictional fact, it will be taken to speak the truth ... and no presumption will be allowed that other and different evidence was produced, or that the fact was otherwise than as averred.

*Austin v. Smith, supra,* 114 U.S.App.D.C. at 102, 312 F.2d at 342 (quoting *Settlemier v. Sullivan, supra,* 97 U.S. (7 Otto) 444 at 448–49, 24 L.Ed. 1110) ).[8] In view of the prima facie evidence of the facts stated in the process servers' returns, clear and convincing proof is required to rebut the presumption of their verity. *Fireman's In-*

*surance Co. v. Belts,* 455 A.2d 908, 909 (D.C.1983); *Tate v. Kelley,* 129 A.2d 855, 856 (D.C.1957); *accord Castro v. Universal Acceptance Corp.,* 200 A.2d 202, 203 (D.C.1964); *see Noble v. Union River Logging Railroad Co.,* 147 U.S. 165, 173, 13 S.Ct. 271, 273, 37 L.Ed. 123 (1893); *Tribble v. American Mutual Insurance Co.,* 277 A.2d 659, 661 (D.C.1971); *Hoaney v. Liss,* 194 A.2d 668, 669 (D.C.1963).

■ The record supports the trial court's ruling that appellants' contentions are insufficient to overcome the distinction between insufficient proof of service and invalid service. *Etelson v. Andre,* 61 A.2d 806, 807–08 (D.C.1948); *Peeples v. Ramspacher,* 29 F.Supp. 632, 636 (D.S.C.1939) (citing Fed.R.Civ.P. 4(g) ). Appellants have neither alleged nor proffered or presented evidence which would rebut the presumption that the returns are valid.[9] Unlike the tenant in *Parker v. Frank Emmett Real Estate, supra,* appellants did not call the process servers as witnesses or submit any evidence on which the trial court could make a finding the process servers made inadequate efforts to effect personal service.

■ Appellants did not file their motion to vacate until at least one and one-half to as much as four and one-half years after the default judgments were entered, well after they were represented by counsel.[10] Their counsel conceded in the trial court that the motion was designed to impede appellee's counterclaim in the face of an ongoing rent strike. Although appellee

7. *Wallace v. Warehouse Employees Union No. 730,* 482 A.2d 801, 807 n. 16 (D.C.1984); *Ohio Valley Construction Co. v. Dew,* 354 A.2d 518, 521 (D.C.1976).

8. A procedural defect may be sufficient to afford relief upon appeal from a default judgment or a motion to vacate under Rule 60(b), but the error should not usually be treated as so serious as to render the judgment void if the surrounding circumstances indicate the error was harmless. *Winfield Assoc. v. Stonecipher,* 429 F.2d 1087, 1091 (10th Cir.1970) (citing 7 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 60.25[2] ).

9. *Cf. Gordan v. William J. Davis, Inc.,* 270 A.2d 138, 140–41 (D.C.1970) (tenant properly served; wife saw process server tape summons and complaint to door); *Austin v. Smith, supra,* 114 U.S.App.D.C. at 100, 102–04, 312 F.2d at 340, 342–44 (appellant alleged he was not the real party in interest, he was not served with process, and had no knowledge of the judgment until four years later).

10. Appellants do not dispute appellee's claim that appellants had counsel one and one-half years before they filed the Rule 60(b)(4) motion.

does not assert that a tactical move directed toward a collateral issue is evidence of bad faith, appellee is prejudiced to the extent rent due from appellants is not received. *See Davis v. Rental Associates, Inc.,* 456 A.2d 820, 823–24, 830 (D.C.1983) (en banc). We find no abuse of discretion by the trial court in denying the motion to vacate, and accordingly affirm the judgment.

*So Ordered.*