Wanda HAWKINS, Appellant,

v.

LYNNHILL CONDOMINIUM UNIT OWNERS ASSOCIATION, Appellee.

No. 84–1369.

District of Columbia Court of Appeals.

Argued Sept. 17, 1985.
Decided Aug. 5, 1986.

Joseph A. Finlayson, Jr., with whom Ronald C. Hill, Fort Washington, Md., was on brief, for appellant.

Martin S. Protas, Rockville, Md., for appellee.

Before MACK, ROGERS and STEADMAN, Associate Judges.

PER CURIAM:

The Lynnhill Condominium Unit Owners Association sued appellant Wanda Hawkins for overdue condominium fees, and obtained a default judgment against her. Hawkins appeals from an order denying her motion to set aside the default judgment. Because further inquiry is required into an unresolved factual dispute over whether Hawkins was served notice of the claim against her, we reverse, and remand the case for further proceedings.

I.

Wanda Hawkins owned a unit in the Lynnhill Condominium in Temple Hills, Maryland, until her mortgage was foreclosed in 1981. In June 1983, the Lynnhill Condominium Unit Owners Association ("the Owners") sued Hawkins in Superior Court for $7,475.33 in past due condominium fees. An affidavit of service of the summons and complaint alleged that Hawkins was personally served at her "usual place of employment" in southeast Washington.

A default judgment was entered against Hawkins on October 24, 1983, after she failed to file an answer or appear in court. Hawkins moved to set aside the default judgment on November 14, 1983, alleging that she had never been served notice of the lawsuit, that she did not owe the Owners any past due condominium fees, and that the Superior Court lacked "subject matter" jurisdiction, because the action had "accrued" in Maryland. Hawkins' motion

asked the trial court to "set aside the default judgment" and "dismiss the Plaintiff's Complaint on grounds of lack of Jurisdiction and/or Forum Non Conveniens." Hawkins requested a hearing on the motion. The Owners filed an opposition, arguing that the Superior Court had jurisdiction, and that Hawkins had not presented any "substantive defense" to the complaint.

The trial court denied Hawkins' motion to set aside the default judgment, without a hearing or written order. Hawkins then filed a "Supplemental Motion to Set Aside Default Judgment", repeating the arguments made in her initial motion, and noting in addition that "the matter herein was believed previously litigated in the Circuit Court for Prince George's County, Maryland...." Attached to the supplemental motion was a personal affidavit by Hawkins denying that she had ever been served notice of the complaint,[1] and a verified answer repeating the defenses alleged in her initial motion to set aside the judgment.

Upon consideration of the supplemental motion, the trial court noted Hawkins' "oblique" reference to a possible *res judicata* defense, and ordered the parties to provide "certified documentation of any previous judgment between the parties on issues raised in the instant proceeding" as well as "any and all other relevant information so as to enable this Court to rule on the pending motion." In response to the trial court's order, Hawkins filed a second supplemental memorandum explaining that the "previous litigation" was the foreclosure action against Hawkins by Perpetual American Bank, the holder of her condominium mortgage. In the last paragraph of the memorandum, Hawkins alleged that the physical description of her contained in the service affidavit (black female, age 30, height 5'3", weight 125 lbs.) is substantially different from her actual description (black

---

1. Hawkins stated in her affidavit that although she had been at her place of employment on the date of the alleged service, no one then or at any other time had served her with process, and that

the first time she learned of the proceedings was in November 1983, when she received a mailed notice of the default judgment.

female, age 49, height 5'6", weight 180 lbs.).

On August 24, 1984, the trial court denied Hawkins' supplemental motion without a hearing, holding that Hawkins had not shown "good cause" for setting aside the default judgment. The court found that the Maryland foreclosure proceeding did not bar the Owners' action against Hawkins, and concluded, on the basis of the service affidavit, that Hawkins was "validly served." The court made no findings with respect to the alleged discrepancy between the service affidavit's description of Hawkins and Hawkins' actual description.

## II.

A strong judicial policy favors deciding cases on their merits rather than by default judgment. *Walker v. Smith,* 499 A.2d 446, 448–49 (D.C.1985). Though the trial court has discretion to decide whether to set aside a default judgment,[2] even a slight abuse of that discretion is sufficient to justify reversal. *Mewborn v. U.S. Life Credit Corporation,* 473 A.2d 389, 391 (D.C.1984). In deciding whether to set aside a default judgment, the trial court must consider, among other factors, whether the defendant had notice of the proceedings. *See Pfeister-Barter, Inc. v. Laois,* 499 A.2d 915, 917 (D.C.1985); *Mewborn, supra,* 473 A.2d at 391.

Hawkins alleged lack of notice in both of her motions to vacate the default judgment. She submitted a personal affidavit stating that she had not been served. She also alleged that the physical description of her contained in the service affidavit is substantially different from her actual description.[3]

We have emphasized that the trial court has a responsibility to inquire where matters are raised which might entitle the moving party to relief under Super.Ct.Civ.R. 60(b). *Walker v. Smith, supra,* 499 A.2d at 449; *Starling v. Jephunneh Lawrence & Associates,* 495 A.2d 1157, 1162 (D.C. 1985). By denying service and in addition controverting with specificity the descriptive information contained in the service affidavit, Hawkins raised a significant factual dispute on the vital issue of whether she actually received notice of the lawsuit against her.[4] This issue was for the trial court to resolve. *See Hoaney v. Liss,* 194 A.2d 668, 669 (D.C.1963). If proven,[5] lack

2. The record in this case reveals some confusion over the distinction between a default and a default judgment. A default may be entered under Super.Ct.Civ.R. 55(a) if a defendant "has failed to plead or otherwise defend." After a default is entered under Rule 55(a), the plaintiff may request the entry of a default judgment under Super.Ct.Civ.R. 55(b). Once a default judgment is entered, a party seeking relief must move to vacate the judgment under Super.Ct. Civ.R. 60(b). *See Clark v. Moler,* 418 A.2d 1039, 1041–42 (D.C.1980). In the instant case, the default judgment was entered by the clerk. Hawkins erroneously based her motions to set aside the default judgment on Rule 55(c), dealing with setting aside an entry of default, instead of Rule 60(b).

3. Unfortunately, the latter important allegation appeared in the last paragraph of a supplemental pleading. In general, the trial judge's efforts to rule on the motion to vacate judgment were hampered by the failure of the submissions of counsel to clarify the grounds for the motion, despite the judge's efforts to obtain clarification and precision.

4. Hawkins' prompt filing of a motion to vacate the default judgment also lends credence to her allegation that she never received notice of the original complaint against her. *Cf. Alexander v. Polinger Co.,* 496 A.2d 267 (D.C.1985) (motion to vacate filed more than one and one half years after entry of default judgment.)

5. Hawkins retains the ultimate burden of proving by clear and convincing evidence that the service affidavit is false. *Firemen's Insurance Co. of Washington, D.C. v. Belts,* 455 A.2d 908 (D.C.1983); *Castro v. Universal Acceptance Corp.,* 200 A.2d 202 (D.C.1964). A trial court may properly deny a motion to vacate a default judgment if the moving party fails or declines to present witnesses or other evidence to support his claim of lack of service. *Alexander v. Polinger, supra,* 496 A.2d at 271; *Firemen's Insurance, supra,* 455 A.2d at 909; *Castro, supra,* 200 A.2d at 203. However, in all of these cited cases, motions to vacate were denied only after a full hearing on the issue of service.

of service of the summons and complaint, an essential first step of the litigation, would be a compelling reason[6] to vacate the default judgment. *See Pfeister-Barter, supra,* 499 A.2d at 917. We hold that the trial court abused its discretion by simply concluding that Hawkins was "validly served" without dealing with the factual dispute over the accuracy of the service affidavit. At a minimum, the trial court had a duty to inquire further into the alleged discrepancy in physical descriptions before denying Hawkins' motion to set aside the default judgment.

We therefore reverse, and remand the case for further consideration of the motion to vacate default judgment.

*So ordered.*

---

**6.** The trial court's order also suggested a failure to show a prima facie adequate defense. This consideration becomes significant, however, only if personal jurisdiction exists over the defendant. *Cf.* Super.Ct.Civ.R. 55(c) (no verified answer setting up a sufficient defense required where movant asserts lack of subject-matter or personal jurisdiction).