Joanne J. RUBIN, Appellant,

v.

Evelyn LEE, Appellee.

No. 89–813.

District of Columbia Court of Appeals.

Submitted April 26, 1990.

Decided July 18, 1990.

As Amended July 26, 1990.

---

Byron L. Huffman, for appellant.

Gerald I. Fisher, with whom David Kagan–Kans, was on the brief for appellee.

Before NEWMAN, STEADMAN and FARRELL, Associate Judges.

NEWMAN, Associate Judge:

Joanne J. Rubin appeals from an order vacating a default judgment she had obtained against Evelyn Lee and dismissing her complaint against Lee for insufficient service of process. As to the order vacating the default judgment, we conclude that the court acted within its discretion; however, we do find that the court abused its discretion in dismissing the complaint, and we reverse and remand for reinstatement of the complaint.

I

On October 19, 1988, Joanne J. Rubin filed a complaint in Superior Court against Evelyn Lee for breach of contract and conversion of a vehicle. Subsequently, Rubin filed an affidavit by special process server Randy Bernstein, in which Bernstein stated that he had served Lee by leaving a copy of the summons and complaint at Lee's home with a female who refused to give her name, but was of suitable age and discretion.

Lee failed to answer the complaint and, on December 2, 1988, Rubin filed a Motion for Judgment by Default against Lee. Rubin's motion was granted on January 4, 1989 and docketed on January 10. On February 28, 1989, Lee filed a Motion to Vacate Default Judgment. A hearing was held at which parties appeared.

According to Lee's testimony, she is a widow who has lived at 1457 Primrose Road, N.W. for twenty-seven years. She lives there with her son and a male family friend, who has been staying with them for two years. No female, however, lives at her address and, to her knowledge, none was present, or authorized to be present, on the date service was alleged. She stated that she was at her regular place of employment, the Department of Housing, on the date and at the time service was alleged and that she never received service of process. She said she first learned of the action against her when the court notified her by mail in January 1989 that a default judgment had been entered against her.

Testifying on Rubin's behalf, Randy Bernstein stated that at about 3:15 on October 28, 1988, he went to Lee's home at 1457 Primrose Road, N.W. There he was met by a young woman who told him that she lived in the house but would not give him her name. Assuming her to be Lee's daughter, Bernstein left the summons and complaint with her. He then wrote down a brief description of the woman, estimating her to be about twenty years of age.

At the close of the testimony, the court ordered Lee to file an answer pursuant to Super.Ct.Civ.R. 55(c) and took the matter under advisement. On June 6, 1989, Lee filed an Answer along with Supplemental Points and Authorities in Support of Motion to Vacate Default Judgment and Request for Leave to File Motion to Dismiss for Lack of Process in Lieu of Verified Answer. Rubin responded to Lee's motions on June 14, 1989.

On June 23, 1989, the court granted Lee's Motion to Vacate Default Judgment and dismissed without prejudice Rubin's complaint for lack of service of process.

## II

There are two issues before us: whether the court abused its discretion by vacating the default judgment entered against Lee, and whether the court abused its discretion thereafter by dismissing Rubin's complaint.

## A

██ As we said in *Firemen's Ins. Co. of Washington, D.C. v. Belts,* 455 A.2d 908, 909 (D.C.1983), "[t]he grant or denial of a motion to set aside a default judgment is committed to the sound discretion of the trial court. (citations omitted). In exercising its discretion, the trial court must choose 'what is right and equitable under the circumstances and the law' and state the reasons which support its conclusion." (Citing *Johnson v. United States,* 398 A.2d 354, 361–64 (D.C.1979)).

██ As the appellant concedes, the trial court was presented in this case with a classic credibility issue—which of two witnesses presenting contrary testimony to believe. Credibility determinations are within the province of the trier of fact and may not be disturbed unless plainly wrong or without evidence to support them. D.C. Code § 17–305 (1981). *See also Nche v. United States,* 526 A.2d 23, 24 (D.C.1987); *Cohen v. Cohen,* 240 A.2d 662, 663 (D.C. 1968); *Dawson v. Drazin,* 223 A.2d 375, 377 (D.C.1966); *Scott v. Scott,* 201 A.2d 535 (D.C.1964). The fact that one witness was a process server, whose testimony relied upon his return of process, implicates certain of our decisions regarding such conflicts, *see, e.g., Firemen's, supra,* 455 A.2d at 909; *Castro v. Universal Acceptance Corp.,* 200 A.2d 202 (D.C.1964), at least to the extent that the presumption of verity attaching to a return of process must be rebutted by strong and convincing evidence. *Firemen's,* 455 A.2d at 909; *Castro,* 200 A.2d at 203. However, we are satisfied that the evidence presented in the testimonies of Lee and the special process server, Bernstein, rebutted the presumption of verity attaching to the return of process in this case.

Lee testified that she was the only woman living in her house, or authorized to be in her house, on the date service was alleged. She also testified that on the date and time service was alleged, she was at her usual place of employment and not at home. We see no basis for disturbing the trial court's credibility assessment.

Bernstein was unable to point to any factual basis for his conclusion that the woman to whom he gave the papers was "of suitable age and discretion then residing therein." Super.Ct.Civ.R. 4(d)(1). He was able to present no evidence as to her identity, age, place of residence, or relationship to Lee. Rather, Bernstein relied upon his assumption that she was Lee's daughter. This assumption was directly rebutted by Lee's testimony.[1]

---

**1.** We distinguish this situation from the one in *Firemen's, supra,* 455 A.2d 908. In *Firemen's,* the return of process identified by name and description the wife of the defendant as the person with whom the papers had been left. In his testimony, the defendant conceded that his

## B

As we pointed out in the context of failure to answer an adversary's motion or to comply with a discovery order in timely fashion, "[t]he clear trend in this jurisdiction is to avoid the extreme remedy of dismissal ... where there is no resulting prejudice and where other, less extreme, alternatives are available." *Braxton v. McNamara*, 429 A.2d 183, 184 (D.C.1981). That principle applies equally well in the context of insufficient service of process where, as here, there is no defect in the complaint. Under the circumstances, the effect of dismissal would be to add needless delay and expense to the action. As

As to the second issue, we find that the court abused its discretion by dismissing Rubin's complaint, rather than retaining the case and permitting her to perfect service of process.

Rule 1 of the Superior Court Rules of Civil Procedure commands, the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." We hold it to be contrary to Super.Ct.Civ.R. 1 to dismiss a complaint under these circumstances and, thus, we conclude that the trial court abused its discretion in dismissing Rubin's complaint. We reverse and remand for reinstatement of Rubin's complaint.[2]

*Affirmed in part, reversed in part, and remanded.*

wife had been living with him at his place of residence for 17 years. Moreover, he did not deny that the papers had been left with her; rather, he stated that she had not given the papers to him. She did not testify.

2. We also find that the trial court erred in ordering Lee to file an Answer pursuant to Super.Ct.Civ.R. 55(c), which provides as follows:

> *Setting aside default.* For good cause shown, and upon the filing of a verified answer setting up a defense sufficient if proved to bar the claim in whole or in part, the Court may set aside an entry of default. No answer need be filed if the movant accompanies the

motion with a settlement agreement or a proposed consent judgment signed by both parties. In addition, *an answer shall not be required when the movant asserts a lack of subject-matter or personal jurisdiction* or when the default was entered after the movant had filed an answer. (Emphasis added.) We construe the term "personal jurisdiction," as it is used in this Rule, to include a challenge to the adequacy of service of process. To hold otherwise would raise serious constitutional problems. *See Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988).