James CHAPPELLE, Appellant,

v.

ALASKA SEABOARD PARTNERS,
L.P., Appellee.

No. 02–CV–180.

District of Columbia Court of Appeals.

Submitted Dec. 5, 2002.
Decided March 6, 2003.

James Chappelle filed a brief pro se.

Kenneth L. McWilliams was on the brief for appellee.

Before WAGNER, Chief Judge, and TERRY and WASHINGTON, Associate Judges.

TERRY, Associate Judge:

In this landlord-tenant case, a default judgment was entered against appellant James Chappelle (the tenant) after he failed to appear for trial on February 4, 2002. One day later, appellant filed an unsuccessful motion to vacate that judgment under Super. Ct. Civil Rule 60(b). At every stage of the proceedings in this case, appellant has maintained that he was never informed of the February 4 trial date. Because nothing in the record before us shows that appellant received notice of that trial date, we remand this case for a determination of whether notice was actually given.

I

After a foreclosure sale in June 2000, appellee Alaska Seaboard Partners, L.P. (the landlord), filed a complaint for posses-

sion of certain residential property. The complaint was filed against the former owner, Mary Rose Chappelle, and any "occupants" of the house in question. Appellant came forward on March 2, 2001, and tendered a copy of a lease, dated July 1, 1998, which indicated that he was paying $200 a month to rent the house. After the case was continued several times, an order was entered on April 12, 2001, requiring appellant to pay $200 each month into the registry of the court until the case was resolved.

An entry on the court jacket dated December 27, 2001, bearing only the clerk's stamp, indicates that on that date the case was set for trial on February 4, 2002.[1] When appellant failed to appear on February 4, the court entered a default judgment for possession. On February 5, however, when appellant came to the courthouse to pay his monthly $200 into the court registry, he discovered that a default judgment had been entered against him. He filed a motion to vacate the judgment the same day, alleging that he was unaware of the February 4 trial date. On February 12 the court denied appellant's motion, and from that order appellant brings this appeal.

## II

A decision on a motion to vacate a default judgment is within the sound discretion of the trial court, reviewable only for abuse of discretion. *See, e.g., Clark v. Moler*, 418 A.2d 1039, 1041 (D.C. 1980). On the other hand, this court has said on several occasions that "[a] strong judicial policy favors deciding cases on their merits rather than by default judgment." *Hawkins v. Lynnhill Condominium Unit Owners Ass'n*, 513 A.2d 242, 244 (D.C.1986) (citation omitted). Consequently, when a motion to vacate a default judgment is properly filed, as it was in this case, the policy favoring a trial on the merits often justifies reversal even when only a "slight abuse of discretion" has occurred. *Johnson v. Lustine Realty Co.*, 640 A.2d 708, 709 (D.C.1994); *Starling v. Jephunneh Lawrence & Associates*, 495 A.2d 1157, 1159 (D.C.1985). Furthermore, in reviewing the denial of a motion to vacate a default judgment, this court will consider the particular facts of the case and determine "whether the movant had actual notice of the proceeding, acted promptly after learning of the default judgment, proceeded in good faith, and presented a *prima facie* adequate defense, and also whether the non-moving party would be prejudiced." *Mewborn v. U.S. Life Credit Corp.*, 473 A.2d 389, 391 (D.C. 1984).

Appellant filed his Rule 60(b) motion on February 5, seeking relief from a default judgment entered against him on February 4.[2] His argument throughout this litigation has been that he was never notified of the February 4 trial date and that the judgment against him should therefore be set aside. He states in his brief that when he appeared in court on December 27, 2001,

> he was told that the first available trial date for a continuance was February 6, 2002. There was no praecipe or any other written notice given to Mr. Chappelle regarding the next court date. Mr. Chappelle believed that the next court date was February 6, 2002.

We cannot, of course, rely on factual representations in any brief which are unsupported by the record. *See, e.g., D.C. Tran-*

---

1. At least five other jacket entries show continuances by praecipe or by consent of the parties, and two others reflect that the case was continued in court by a judge.

2. Civil Rule 60 is applicable in landlord-tenant proceedings. *See* Super. Ct. L & T Rule 2.

*sit System, Inc. v. Milton,* 250 A.2d 549, 550 (D.C.1969). We have no way of knowing what did or did not happen in court on December 27 because the record on appeal contains no transcript of that proceeding. The fact remains, however, that nothing in the record before us indicates that appellant was ever notified of the February 4 trial date. If he never had such notice, then it is at least possible that he may be entitled to relief under Rule 60(b).

We therefore reverse the order denying appellant's Rule 60(b) motion and remand the case for an inquiry into whether appellant received notice of the February 4 trial date. *See Hawkins,* 513 A.2d at 244 (trial court has a duty to inquire when matters are raised that might entitle the moving party to relief under Rule 60(b)). We assume that the trial court on remand will also consider, to the extent they are applicable, the other factors relevant to a Rule 60(b) motion to vacate a default judgment which are listed in *Mewborn, supra,* 473 A.2d at 391, and many other cases (such as *Starling,* 495 A.2d at 1159–1160).

*Reversed and remanded.*